THE TEXAS & PACIFIC RAILWAY COMPANY V. BRYSON DAY.

No. A-848. Decided June 26, 1946.
Rehearing overruled November 27, 1946.
(197 S. W., 2d Series, 332.)

*Hill D. Hudson,* of Pecos, *William L. Kerr,* of Midland, *W. O. Reed, J. W. Riley, Robt. Thompson, D. L. Case,* and *J. T. Suggs,* all of Dallas, for petitioner, Texas & Pacific Railway Company.

The Court of Civil Appeals was in error in ignoring plaintiff's negligence in driving on the track after a train had passed and which was obstructing the view of another train coming in the opposite direction, which latter train hit him and caused the damage complained of. Pennesylvania R. R. Co. v. Rusynik, Ohio 159 N. E. 826; Missouri Pac. Ry. Co. v. Yandell, Ark. 191 S. W. (2d) 592; Gulf, C. & S. F. Ry. Co. v. Gaddis, 208 S. W. 895.

*Richard Critz,* of Austin, and *John J. Watts,* of Crane, for respondent Bryson Day.

MR. JUSTICE SIMPSON delivered the opinion of the Court.

This is an action brought by Bryson Day against the Texas & Pacific Railway Company growing out of a grade crossing collision in the city of Odessa about midday February 18, 1944. Day was driving his automobile northwardly along a frequently travelled street and approached what was known as the "ice factory crossing," with which he was quite familiar. He stopped some 51 feet south of the middle of three tracks which traverse this crossing and waited for an eastbound freight train moving along the middle track to clear the intersection. Day testified that when the freight train had gone 50 or 60 yards east of the crossing, he looked to the east, saw no approaching train, put his car in low gear, looked to the west and "started up." As he reached the norternmost or main line track, he again looked to the east and discovered some 6 or 8 feet away a westbound train bearing rapidly down upon him. He was seriously injured in the ensuing collision. Although Day did not testify he observed it, the evidence supports the view that the electrically operated flasher lights which the company maintained at the crossing were functioning at the time. These lights are so mechanized that they start flashing whenever a train on the main line reaches half a mile of the crossing and continue flashing until the last car has cleared the intersection. The two tracks south of the main line are wired to activate these signals when rolling stock is within 30 feet of the crossing. At the time of the collision these two southerly tracks were clear of cars near enough the crossing to have activated the lights, and the flashing of the signals was caused by the approach of the westbound

train on the main line. Railroad traffic was unusually heavy due in part to troop movements and other wartime operations.

Upon a special issue submission, a district court jury found that the train which struck Day was running 35 miles an hour and that this rate of speed constituted negligence, which proximately caused the collision. It also found that the crossing was usually hazardous, that it was negligence for the railroad company not to keep a flagman there, and that this negligence was likewise a proximate cause of the collision. Questions upon the issue of contributory negligence were answered favorably to Day. The jury further found that the collision was the result of an unadvoidable accident. The district judge, upon a proper motion, ruled there was no evidence raising the issue of unavoidable accident, disregarded the jury's finding on that issue, and entered judgment against the railway company. The Court of Civil Appeals concluded that Day was guilty of contributory negligence as a matter of law and accordingly reversed the judgment of the trial court. But instead of rendering judgment against Day, it remanded the cause to afford him an opportunity upon a retrial "to justify or excuse his deliberate disregard" of the flasher signals. 193 S. W. (2d) 722.

The company contends here that all the proof showed that Day drove his car into the path of the approaching train in disregard of the warning of the electrical flasher device, and that this amounted to contributory negligence as a matter of law. Too, it urges that:

"The Court of Civil Appeals erred in ignoring the plaintiff Day's negligence as a matter of law in driving over a railroad crossing with which he was familiar, immediately behind a receding train which constituted the only obstruction to his vision, onto a track beyond, where he was struck by a train traveling in the opposite direction from that in which the receding train was traveling; and in declining to render judgment in Petitioner's favor, in spite of such admitted facts."

Counsel for the company have presented able arguments, both orally and in their briefs, in support of the view that contributory negligence was conclusively established by the evidence. Persuasive as are these arguments, we find ourselves unable to agree with them.

██ Contributory negligence barring a recovery as a matter of

law is a conclusion sometimes compelled by the evidence, but such cases are relatively rare. Ordinarily this question is for the trier of facts and only becomes a matter of law for the court when but one reasonable conclusion can be drawn from all the testimony. City of Fort Worth v. Lee, 143 Texas 551, 186 S. W. (2d) 954; Texas & N. O. R. Co. v. Blake (Tex. Civ. App.), 175 S. W. (2d) 683, error refused. It is obvious that had Day been more cautious, he would not have been injured. But whether the precautions he took amounted to due care was properly left to the jury. He waited until the receding train had gone a little over half a city block past the intersection before starting up his car, and then looked to the east, from whence the train that struck him was coming, but saw no train. He then looked to the west and put his car in motion toward the tracks. Again he looked to the east but too late either to stop his car or to clear the track and so avoid a collision. Thus the facts do not present a case where the injured person took no care for his own safety. It is only in instances where one crossing a railroad track has failed to exercise any degree of care for his safety that our courts have felt impelled to deny a recovery as a matter of law. International & G. N. R. Co. v. Edwards, 100 Texas 22, 93 S. W. 106; Gulf, C. & S. F. R. Co. v. Gaddis (Tex. Com. App.), 208 S. W. 895; 35 Tex. Jur. 496 et seq. See also Hines v. Arrant (Tex. Civ. App.), 225 S. W. 767, error refused. Neither the failure of Day to wait until the receding train afforded a more extensive view of the main line nor his failure to look for the oncoming train at the proper moment is an ultimate and controlling fact, but these omissions comprise circumstances which, together with all the other matters in proof, the jury was required to consider in arriving at its findings. The following language from Hines v. Arrant is especially pertinent:

"If every one injured in a railroad collision who could by looking and listening discover the approach of the train before going upon the track is to be charged with contributory negligence, it would be difficult to find an instance in which that defense would not be fully established. The situations are exceedingly rare in which travelers cannot, if they will, ascertain whether or not it is safe to attempt a crossing. But the legal test is, not what the traveler could have done had he used his senses, but what an ordinarily prudent person would have done under the particular circumstances. Hence the courts have held that the failure to look and listen before going upon a railway track is not, as a matter of law, contributory negligence." 225 S. W. 767, 768.

■ Nor can it be said that Day's moving against the flashing lights comprised negligence as a matter of law. Each case of a crossing collision is characterized by its own particular facts, and manifestly it would be most difficult to contrive a generalization which would aptly fit every situation. Properly functioning warning lights at the railroad crossing cannot be held of themselves to preclude a recovery here. The flashing lights comprised but one of the aggregate circumstances in a rapidly changing picture which then confronted Day. The signals were arranged to begin flashing when the westbound train reached half a mile of the intersection. Had it been moving at a speed consistent with due care rather than with negligent rapidity, Day quite possibly would have been able to cross in safety against the flashing lights and to get well beyond the intersection before the train ever reached it. Or certainly it would not have been unreasonable for the jury so to conclude. It is also significant that a truck approaching from the opposite direction, with a view of the approaching train unobstructed by the receding one, drove over the crossing just before Day was injured. As has been pointed out, Day delayed starting his car until the receding train was half a block or more away, and he then took care to look both ways before entering the crossing. The conclusion is inescapable that he did exercise some care for his own safety. Whether his conduct met the requirements of ordinary care under all the circumstances was not for the court but for the jury to determine.

Counsel for the company present an extensive number of decisions from other jurisdictions. Most of them are distinguishable from the case before us. Those of the cited cases which tend to support the company's position, as indeed some do, appear out of harmony with the Texas precedents.

■ Unavoidable accident is not in this case and there was no error in the district judge's so ruling. It is not contended by either litigant that something other than the negligence of one of the parties proximately caused Day's injuries. The rule of decision is that the issue of unavoidable accident "exists only when there is evidence that something other than the negligence of one of the parties caused the injuries complained of." Collins v. Smith, 142 Texas 36, 175 S. W. (2d) 407.

We conclude that the district judge entered the proper decree in this cause, and accordingly the judgment of the Court of Civil Appeals is reversed and that of the district court affirmed.

Opinion delivered June 26, 1946.

Rehearing overruled July 27, 1946.