**Lynda HENDERSON, Appellant,**

v.

**Margaret Cameron SMITH, Appellee.**

No. 16292.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 9, 1962.

Rehearing Denied March 9, 1962.

James J. Hultgren, Dallas, for appellant.

Bailey & Williams and James A. Williams, Dallas, for appellee.

RENFRO, Justice.

This suit grew out of an intersection collision between automobiles driven by plaintiff Henderson and defendant Smith.

The jury found that plaintiff failed to keep a proper lookout and such failure was a proximate cause of the collision. Based upon said findings, judgment was entered for defendant, and plaintiff appealed.

Plaintiff's first two points are based on contentions of no evidence to support the jury findings on proper lookout, and other points contend the findings are against the great preponderance and weight of the evidence.

The accident occurred about 5:30 P.M. at the intersection of Northwest Highway and Hathaway Street in the City of Dallas. Northwest Highway has four lanes, two for west bound traffic and two for east bound traffic. Hathaway Street is a residential street which enters the Highway from the north. Traffic from Hathaway Street into the Highway is controlled by a stop sign. Defendant approached the Highway on Hathaway. Plaintiff was driving west on the outside, or north, lane of the Highway. When the impact occurred defendant's car was partly across the "east-west divider" of the Highway. Plaintiff's car was in the inside west bound lane of the Highway. The left front side of defendant's car was damaged and the left front fender of plaintiff's car was damaged. Plaintiff's car left 35 feet of skid marks, angling from the north lane to the point of impact.

Plaintiff testified in person and portions of her prior deposition were introduced. Viewing the evidence from the standpoint most favorable to the jury findings, her testimony is in substance that she was traveling west about 40 miles per hour as she entered an underpass east of the point of collision; she continued west and as she emerged from the underpass she saw defendant's car on Hathaway and "it looked to me like it was stopped", so she continued to drive forward. At that time the defendant's car was about 240 feet away. In her deposition plaintiff testified that after she first saw defendant's car from the underpass she did not see it again until the impact. At another point she testified she saw defendant's car again when plaintiff was about 80 feet from the point of impact at which time defendant's car was moving onto the Highway. As to whether or not defendant's car was moving when plaintiff first saw it she answered, "No, I don't—no—she may have been. I saw her car off to my right and it seemed that this car was stopped and waiting for me, like any other car. Q. * * * You assumed that she was stopped—* * *? A. Yes. Q. Rather than actually observing whether she was stopped or moving? A. That is what I said." Again, "Q. Did you see her from the time you first saw her, up until the time of the accident?—Now what was your answer? A. I said, no, I was watching the road."

Ordinarily, proper lookout is a question for the jury. Texas & Pacific Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332. The appellate court must consider that evidence, if any, which viewed in its most favorable light supports the jury findings. Biggers v. Continental Bus System, 157 Tex. 351, 303 S.W.2d 359.

It was within the jury's province to judge the credibility of the witnesses and the weight to be given their testimony, and to resolve conflicts and inconsistencies in the testimony of any one witness as well as the testimony of different witnesses. Austin Fire Ins. Co. v. Adams-Childers Co., Com.App., 246 S.W. 365.

The jury is not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it.

In view of plaintiff's uncertainty as to whether or not defendant's car was stopped when she first observed it, the jury was justified in finding that she was negligent in proceeding without again observing the defendant's car. It is a reasonable inference that had she looked again, or continued to look after first seeing defendant's car, she would have seen defendant's

approach onto the Highway and could have reduced her speed or otherwise have avoided the accident.

■ The fact that plaintiff had the right of way did not excuse her from exercising ordinary care for her own safety. Although not required to anticipate negligent or unlawful conduct on the part of others, she was not entitled to close her eyes to that which was plainly visible and which would have been observed by a person of ordinary prudence similarly situated. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273.

The points of error are overruled and the judgment of the trial court is affirmed.

Affirmed.