**Paul N. RENEGAR, Appellant,**

v.

**Alvin LOUIS, Appellee.**

**No. 16414.**

Court of Civil Appeals of Texas.

Fort Worth.

April 19, 1963.

Rehearing Denied May 24, 1963.

John Whiteside, Fort Worth, for appellant.

Cantey, Hanger, Gooch, Cravens & Scarborough, David O. Belew, Jr., and Sloan B. Blair, Fort Worth, for appellee.

RENFRO, Justice.

Passenger cars driven by Mrs. Renegar and defendant Louis collided in the intersection of Bewley and Webster Streets in Haltom City. Mrs. Renegar was traveling east on Webster; Louis was traveling south on Bewley. At the time of impact the Renegar car was in its proper lane and all but two or three feet of the car had crossed the center line of Bewley. The left side of the Louis car, as it proceeded south, was one foot over the center line of Bewley Street. The front end of the Louis car struck the left rear side of the Renegar car about three feet from the rear bumper.

The accident occurred near noon on a clear day. The asphalt streets were dry. Both streets were thirty feet in width.

There were no stop signs or other traffic signals confronting either driver.

The jury found that Mrs. Renegar sustained damages in the amount of $12,101.00.

The jury found, however, that the failure of Mrs. Renegar to keep a proper lookout was a proximate cause of the accident.

Plaintiff appealed from a take nothing judgment on points of error which attacked the findings on Mrs. Renegar's failure to keep a proper lookout and proximate cause as being without support in the evidence, or as being against the great weight of the evidence.

There was evidence that Louis, as he approached the intersection, could see in Mrs. Renegar's direction "better than half" a city block. Photographs introduced in evidence apparently support his estimate. (The jury found that Louis failed to keep a proper lookout.) Mrs. Renegar testified that the pictures fairly and reasonably show what she would have seen had she looked in Louis' direction. She testified there were no "hills or anything" to obstruct her view; she could see to her left just as well as Louis could look to his right; there was nothing to obstruct the view between her and the approaching car; she did not see the Louis car until she entered the intersection.

Ordinarily, proper lookout is a question for the jury. Texas & Pac. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332.

Although Mrs. Renegar had the right of way—the jury so found—that did not excuse her from exercising ordinary care for her own safety. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95.

The evidence is sufficient to support the jury's conclusion that Mrs. Renegar did not keep a proper lookout as she approached the intersection, and that, had she looked, she would have discovered the Louis car in time to have taken action to avoid the collision. Jury findings on failure to keep proper lookout in similar fact situations were upheld in Joe D. Hughes, Inc., v. Moran, Tex.Civ.App., 325 S.W.2d 829; Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273.

All points of error are overruled and the judgment of the trial court is affirmed.