**614**

W. Herbert **JONES**, d/b/a Galveston
Lumber Company, Appellant,

v.

D. W. **STEELE**, Appellee.

No. 14183.

Court of Civil Appeals of Texas.

Houston.

Oct. 10, 1963.

Fuhrhop & Jones; Jerome Jones, Galveston, for appellant.

No appearance for appellee.

COLEMAN, Justice.

This is an appeal by the defendant from a judgment granting a bill of review. Appellant's principal contention is that appellee was, as a matter of law, negligent in failing to answer prior to the time default judgment was taken in the original case.

The trial court filed the following findings of fact and conclusions of law:

"9. On March 28, 1961, W. Herbert Jones, doing business as Galveston Lumber Company, sued D. W. Steele in this Tenth District Court for Three Hundred Fifty-six Dollars and Twenty-seven Cents ($356.27), on the account attached to Plaintiff's Original Petition, and referred to in Paragraph 8 hereinabove, in Cause No. 96,204, plus attorney's fees in the amount of Two Hundred Fifty Dollars ($250.00).

"12. On April 22, 1961, D. W. Steele stopped in at the Galveston Lumber Company (S.F. p. 14) in Galveston and asked for the manager or the man in charge (S.F. p. 10). D. W. Steele told that man that he had never been to the Galveston Lumber Company before and that he thought that the Company had made a mistake; the man, who represented himself to be in charge, told D. W. Steele that 'he would get their Company's attorneys to look into the problem and get the matter straightened out.' (S.F. p. 11). D. W. Steele left the Galveston Lumber Company with the opinion that the matter would be taken care of and that the law suit would be changed so that the proper party would be sued (S.F. p. 13).

"13. From the Galveston Lumber Company, on April 22, 1961, D. W. Steele went to Sea Isle and spoke with O. W. Steele (S.F. p. 13) and gave the

legal papers (citation) to his father (S.F. p. 14).

"14. On or about April 25, 1962, Otto W. Steele took the legal papers (citation) to the office of W. Herbert Jones at La Marque, Texas, and explained to said Mr. Jones that he (Otto W. Steele) owed the bill and that it had nothing to do with anybody but himself. Said Mr. Jones told Otto W. Steele that he would contact his Galveston manager, Mr. McJunhim, and rectify the matter. Within the next few days Otto W. Steele reported this discussion with W. Herbert Jones to David W. Steele (S.F. p. 35 and p. 48). Said W. Herbert Jones, incidentally, owns the Galveston Lumber Company in Galveston and the La Marque Lumber Company in La Marque (S.F. pp. 46 and 47).

"15. On May 9, 1961, Jerome Jones, Attorney for the Plaintiff in said Cause No. 96,204, wrote a letter to D. W. Steele, 3510 Glenmore, Houston, Texas, (S.F. p. 23), which read as follows:

" 'May 9, 1961

Mr. D. W. Steele
3510 Glenmore
Houston, Texas
  Re: Cause #96,204
Dear Sir:

 As you know the above suit has been filed and process has been served upon you. Unless the matter is taken care of within the next few days, we will take judgment and file it in Galveston and Harris Counties, which will no doubt effect your credit record in both counties.

 Please let us hear from you.
   Very truly yours,
   FUHRHOP and JONES
  /s/ Jerome Jones

JJ = iw'

D. W. Steele received this letter and gave it to his mother to give to his father (S.F. p. 22).

"16. On June 15, 1961, W. Herbert Jones, doing business as Galveston Lumber Company took Judgment by default against D. W. Steele, in said Cause No. 96,204 in this Tenth Judicial District Court for Six Hundred Six Dollars and Twenty-seven Cents ($606.27) (Three Hundred Fifty-Six Dollars and Twenty-seven Cents ($356.27) damages and Two Hundred Fifty Dollars ($250.00) attorney's fees), with interest and costs of Court."

"1. The Plaintiff herein, D. W. Steele, has a meritorious defense to the lawsuit in Cause Number 96,204, Tenth Judicial District Court, Galveston County, Texas, in which a default judgment was taken against him on June 15, 1961, in that the obligation made a basis of that suit is owed by Otto W. Steele, and not D. W. Steele, and there is no evidence of any kind that D. W. Steele can be held liable for the said debt.

"4. The Plaintiff, D. W. Steele, was not negligent in failing to hire counsel and file written answer in Cause Number 96,204 in the 10th Judicial Court of Galveston County, Texas, since he was led to believe that the error of naming him Defendant in said suit would be corrected by the representatives of the person in charge at the Galveston Lumber Company and by the conversation between W. Herbert Jones, the owner of the Galveston Lumber Company, and his father, Otto W. Steele. The representations made by the Defendant herein and his agent, and the reliance upon them by the Plaintiff herein, amounted to extrinsic fraud upon the Plaintiff herein by the Defendant, denying the Plaintiff the opportunity fully to litigate, upon the trial, all the rights or defenses he was entitled to assert."

None of the findings of fact of the trial court have been challenged by appellant. In Alexander v. Hagedorn, 148 Tex. 565,

226 S.W.2d 996, the Supreme Court of Texas said:

"Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment he must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. Garcia et al v. Ramos et al, Tex.Civ.App., 208 S.W.2d 111, er. ref. Because it is fundamentally important in the administration of justice that some finality be accorded to judgments, these essentials have been uniformly recognized by our courts; therefore, bills of review seeking relief from judgments 'are always watched by courts of equity with extreme jealousy, and the grounds on which interference will be allowed are narrow and restricted' ; and the rules are not to be relaxed merely because it may appear in some particular case that an injustice has been done. Harding v. W. L. Pearson & Co. et al, Tex.Com.App., 48 S.W.2d 964."

Here the findings of the trial court preclude a contention that appellee failed to prove (1) a meritorious defense, (2) which he was prevented from making by the fraud, * * * or wrongful act of the opposite party. However, there is no evidence which would support the finding that appellee was not guilty of negligence in failing to answer and present his defense to the cause of action alleged.

■ While ordinarily negligence is a question of fact, it becomes a question of law when the facts are such that all reasonable minds must draw the same conclusion. Galveston Electric Co. v. Hansen, Tex.Com.App., 15 S.W.2d 1022; Baker v. Loftin, Tex.Com.App., 222 S.W. 195; Houston Belt & Terminal Co. v. Chance, Tex.Civ.App., 332 S.W.2d 430; Gregory v. City of Garland, Tex.Civ.App., 333 S.W.2d 869, error ref., n. r. e.

■ Even though it is taken as established by the trial court's findings that prior to May 9, 1961, D. W. Steele had received assurances that the law suit would be amended in such manner as to drop him as a defendant, we think reasonable minds cannot differ as to the fact that he was negligent in failing to file an answer, after he received the letter of May 9, 1961, in which he was told that "unless the matter is taken care of in the next few days, we will take judgment * * *"

■ It is undisputed in the record that after receipt of this letter appellee did nothing except to send the letter to his father, until after a default judgment was entered June 15, 1961. Appellee did not learn of the default judgment until about December 1, 1961. Since these matters are established by the findings of fact made by the trial court, as a matter of law the trial court should have entered his judgment denying the bill of review.

The judgment of the trial court is reversed and judgment is here rendered that the bill of review filed by appellee, D. W. Steele, be denied.