Derwood COPELAND et ux., Appellants,

v.

H. D. OGLE, Appellee.

No. 7295.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 28, 1963.

Rehearing Denied Nov. 25, 1963.

**732**

Morehead, Sharp & Boyd, Plainview, for appellants.

Crenshaw, Dupree & Milam, Lubbock, for appellee.

NORTHCUTT, Justice.

Elbert and Mary Hooper filed suit in the district court against H. D. Ogle, individually and as next friend for their minor son, Kenneth Bailey Hooper, for his personal injuries and damages sustained by them. Derwood Copeland and his wife filed a separate suit at the same time against H. D. Ogle for the death of their minor son, Gary Dee Copeland. Both suits arose out of a collision between an automobile driven by Kenneth Bailey Hooper and occupied by Gary Dee Copeland which ran into the rear of a tractor being operated by H. D. Ogle.

By agreement, an order was entered consolidating the two suits. The case was tried to a jury upon special issues and no objections were made to the charge of the court or as to any of the issues submitted. The jury in answer to special issues found both of the minors contributorily negligent and awarded no damage to any of the parties. The trial court overruled a motion for a new trial filed on

behalf of the plaintiffs; but, only Mr. and Mrs. Copeland appealed from that judgment and the remaining plaintiffs will not be considered further herein. For convenience, Mr. and Mrs. Copeland will hereafter be referred to as appellants and Mr. Ogle as appellee.

■ This appeal is presented on two points of error. Other than the assignment of error as to the finding of the jury as to no damage, the sole question here is based upon Paragraph 5 of the motion for new trial which is as follows:

"The finding of the Jury in response to Special Issues No. 18(a), (b), (c), and (d) is not supported by the evidence because there is no evidence that the plaintiff's decedent, Gary Dee Copeland, failed to protest to the driver concerning the speed at which the Falcon was being driven immediately prior to the collision; and because there was no evidence that plaintiff's decedent, Gary Dee Copeland, could have made such protest of speed, if any, in time for the driver, Kenneth Bailey Hooper, in the exercise of ordinary care, to avoid the collision in question; and because there is no evidence that plaintiff's decedent, Gary Dee Copeland's failure to protest the speed at which the Falcon automobile was driven was the proximate cause of the damages sustained by the said plaintiffs, Derwood Copeland and wife."

Rule 374 provides that:

" 'A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived.' "

Wagner v. Foster, 161 Tex. 333, 341 S. W.2d 887. It has often been held that a motion for new trial in a jury case constitutes the assignment of error to be reviewed by the appellate courts and that an assignment of error is necessary to entitle a point to be considered on appeal. Johnson Aircrafts v. Wilborn, Tex.Civ. App., 190 S.W.2d 426; Miller v. Long-Bell Lumber Co., Tex.Civ.App., 217 S. W.2d 867 (affirmed by the Supreme Court).

■ We are of the opinion that Paragraph 5 above set forth deals only with the question of no evidence. Appellants' point of error One is as follows:

"POINT ONE:

THE DISTRICT COURT ERRED IN OVERRULING APPELLANTS' MOTION FOR NEW TRIAL BECAUSE THERE IS NO EVIDENCE OR THE EVIDENCE IS FACTUALLY INSUFFICIENT TO SUPPORT A VERDICT OF CONTRIBUTORY NEGLIGENCE ON THE PART OF PLAINTIFFS' DECEDENT FOR THE REASONS THAT:

(1) THE EVIDENCE ADDUCED AS TO THE SPEED OF THE DRIVER DID NOT CREATE A DUTY FOR THE GUEST TO PROTEST SUCH SPEED:

(2) THE JURY COULD NOT DISREGARD A PORTION OF DRIVER'S TESTIMONY THAT THERE WAS NO NEED FOR DECEDENT TO WARN HIM AND BELIEVE TESTIMONY THAT HE FAILED TO WARN HIM AS A FACTOR IN ARRIVING AT THEIR VERDICT:

(3) THERE WAS NO EVIDENCE OR INSUFFICIENT EVIDENCE ADDUCED IN TRIAL COURT TO SUPPORT A FINDING THAT A PROTEST COULD HAVE BEEN MADE IN TIME FOR THE DRIVER TO HAVE AVOIDED THE COLLISION:

(4) THERE WAS NO EVIDENCE OR INSUFFICIENT EVIDENCE ADDUCED IN THE TRIAL COURT TO SUPPORT A FINDING THAT THE DECEDENT'S

FAILURE TO PROTEST WAS A PROXIMATE CAUSE OF THE DAMAGES SUSTAINED BY AP-PELLANTS."

However, we will consider the appellants' points as to the insufficiency of the evidence to sustain the findings of the jury. There is evidence that appellee was operating a 730 John Deere tractor and going west on Highway 70 on the paved shoulder; that the two boys, Kenneth Hooper and Gary Copeland, were riding in a Falcon automobile and were going west on Highway 70 driving about 80 miles per hour; the Falcon collided with the left rear wheel of the tractor and then collided with a Ford automobile that was traveling east on Highway 70; the lights on the Ford did not bother the driver of the Falcon; the accident happened about twilight and it was necessary to have lights; that there were red lights on the rear of the tractor that could be seen for a distance of 500 feet. It is undisputed that the tractor had lights on the front of the tractor. There were pictures showing the conditions existing after the wreck, all of which showed the Falcon struck the tractor with great force. We have listed a few of the facts as to the accident leading up to the duty of Gary Copeland to protest the way Kenneth Hooper was driving. We cannot say the jury was in error in holding that the speed the Falcon was being driven was such speed as to cause Gary Copeland as a passenger in the exercise of ordinary care to protest such speed to the driver. If Hooper was driving at a speed of 80 or more miles per hour at twilight, as some evidence shows, so far as Hooper was concerned such driving would have been negligence per se. The jury found the Falcon was being driven at a speed in violation of the law as to speed. It is undisputed that Gary Copeland did not protest the speed Kenneth Hooper was driving and such protest could have been made in time to have avoided the collision. Kenneth Hooper agreed that if Gary Copeland had protested the speed he would have slowed down the speed of the car. Neither can we hold the jury did not have sufficient evidence to say Gary Copeland's failure to protest was a proximate cause of the damage sustained. Contributory negligence is a question of fact unless from all the testimony only one reasonable conclusion can be drawn. City of Fort Worth v. Lee, 143 Tex. 551, 186 S.W.2d 954; Texas & Pac. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332.

■ The jury found Gary Copeland in exercise of ordinary care should have protested the speed the Falcon was being driven and it is our duty to uphold that finding if it is supported by evidence of probative force and reasonable inferences therefrom considering only the evidence favorable to appellee and disregarding the evidence favorable to appellants. Texas & New Orleans Railroad Co. v. Day, 159 Tex. 101, 316 S.W.2d 402; Texas & Pac. Ry. Co. v. Day, 145 Tex. 277, 197 S.W. 2d 332; City of Fort Worth v. Lee, 143 Tex. 551, 186 S.W.2d 954.

■ We are of the opinion that there was substantial evidence to sustain the findings of the jury. Appellants' first point of error is overruled.

Appellants' point two was that the court erred in overruling appellants' motion for new trial because the finding of "no damage" sustained by the appellants was contrary to the great weight and preponderance of the evidence as to be clearly wrong.

■ We think the question of "no damage" to the appellants as found by the jury became immaterial since the finding of the jury was in favor of appellee showing contributory negligence on the part of Gary Copeland. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W. 2d 334; Wilkinson v. Chambers, Tex.Civ. App., 205 S.W.2d 639.

It is stated in the case of Tumlinson v. San Antonio Brewing Ass'n, Tex.Civ.App.,

170 S.W.2d 620 (writ refused WM), as follows:

"It has also been held that the refusal of a jury to answer an issue inquiring as to the amount of damages sustained, or to answer said issue 'none,' is not reversible error when the jury's answers to other issues disclose that no judgment favorable to the injured party could have been entered upon the verdict. This is true even though the amount of damage issues were unconditionally submitted and the evidence shows conclusively that injuries were sustained.

We overrule appellant's second contention. Southern Pine Lumber Company v. Andrade, 132 Tex. 372, 124 S.W.2d 334; Rogers v. Coca Cola Bottling Company, Tex.Civ.App., 156 S.W.2d 325; Harrison v. Missouri, Kansas & Texas R. Co., Tex.Civ. App., 89 S.W.2d 455."

Appellants' second point of error is overruled. Judgment of the trial court is affirmed.