Danny Lynn IRVIN et al., Appellants,

v.

Ronald F. RALSTON, Appellee.

No. 4230.

Court of Civil Appeals of Texas.

Waco.

April 30, 1964.

Crenshaw, Dupree & Milam, Lubbock (Joe H. Nagy), Lubbock, for appellant.

Evans, Pharr, Trout & Jones, Lubbock (John A. Flygare), Lubbock, for appellee.

McDONALD, Chief Justice.

Plaintiff Ralston instituted this suit against defendants Irvin for damages to plaintiff's automobile, resulting from an intersection collision between plaintiff's and defendants' automobiles. Trial was to a jury, which found defendants guilty of several acts of negligence proximately causing the collision, and further found that plaintiff did not fail to keep a proper lookout.

The Trial Court entered judgment for plaintiff on the verdict for $541.35.

Defendants appeal, contending the Trial Court erred in rendering judgment for plaintiff:

1) Because plaintiffs did not plead or prove that the costs of repairs to their car were reasonable and necessary in Lubbock County, Texas.

2) There is no evidence, or insufficient evidence to support the jury's finding that plaintiff did not fail to keep a proper lookout.

3) Plaintiff's testimony concerning an adjuster injected insurance into the

case, depriving defendants of a fair trial.

■ Reverting to defendants' 1st contention, a review of the record reflects that plaintiff plead that his vehicle was damaged as a result of defendants' negligence; that it had a reasonable cash value in Lubbock County, Texas of $2300 immediately before the collision, and a reasonable cash market value in Lubbock County, Texas, immediately after the collision; and plaintiff further plead that the reasonable cost of repairs to his vehicle was $541.35. Defendants levelled no exceptions to plaintiff's pleading. Plaintiff introduced without objection the bill for repairing the car at Lubbock Body Works, Lubbock, Texas, and the witness Hays, office manager of Lubbock Body Works, testified that such repairs were reasonable and necessary in Lubbock County, Texas. Plaintiff testified the repairs were made necessary by reason of the accident with defendant.

■ We revert to defendants' 2nd contention. The jury found that plaintiff did not fail to keep a proper lookout. Plaintiff testified that before he entered the intersection he looked to the right and to the left; but that he did not see defendant until he got into the intersection. Plaintiff used some care, and the question of whether he kept a proper lookout was for the jury. Blunt v. H. G. Berning, Inc., Tex.Civ.App., W/E Ref., 211 S.W.2d 773.

■ Defendants' 3rd contention complains of the testimony of plaintiff concerning an adjuster. Plaintiff testified that "the adjuster had (the car) fixed", and later mentioned "my adjuster". From the context, it is obvious that plaintiff was referring to the adjuster for his own insurance. In any event the mention was casual and inadvertent, and not elicited by plaintiff's counsel, and certainly did not reveal whether the adjuster was plaintiff's or defendants'. The error, if any, was harmless. Texas Rules Civil Procedure, 434; Walker v. Texas Emp. Ins. Ass'n,

155 Tex. 617, 291 S.W.2d 298, 301; Blankenship v. Sutherland, Tex.Civ.App., n. r. e., 324 S.W.2d 592.

All of defendants' points and contentions are overruled, and the judgment of the Trial Court is affirmed.