Joe V. CAMPOS, Appellant,

v.

Charles L. SMITH, Appellee.

No. 14338.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 20, 1965.

**824**

Tuck R. Chapin, San Antonio, for appellant.

Clemens, Knight, Weiss & Spencer, San Antonio, for appellee.

BARROW, Justice.

This is an appeal from an order entered after a non-jury trial, sustaining the plea of privilege of appellee, Charles L. Smith, to be sued in the county of his residence. Appellant, Joe V. Campos, brought suit to recover damages sustained when his car was struck from the rear by appellee's car on the Pecos Street approach lane of the Southbound Expressway in San Antonio, Bexar County, Texas.

Appellant sought to maintain venue in Bexar County under Subd. 9a of Art. 1995, Vernon's Ann.Civ.Stats. Under this subdivision, appellant was required to plead, prove and obtain affirmative findings that appellee was guilty of an act or omission of negligence in Bexar County, which was a proximate cause of appellant's injuries. McDonald, Texas Civil Practice, § 4.17.5; Southland Beauty Shops, Inc. v. Foreman, Tex.Civ.App., 319 S.W.2d 737, wr. dism. Appellant pleaded that appellee failed to keep a proper lookout and was guilty of other acts of negligence.

Findings of fact were filed, wherein the trial court found that appellant failed to establish by a preponderance of the evidence that appellee failed to keep such a lookout as a person of ordinary prudence, in the exercise of ordinary care, would have kept under the same or similar circumstances on the occasion in question, and, further, that appellee did not commit any act of negligence proximately causing the collision. Appellant asserts that these findings of nonegligence are so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. This complaint requires a review of the entire record. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660; Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. Law Rev. 361.

Appellant and appellee were the only witnesses who testified, although photographs were introduced which show the scene of the accident and some damage to appellant's automobile. Both parties were proceeding south from Pecos Street onto the Expressway. A yield sign is erected at the intersection of Pecos Street and the Expressway. The southbound Expressway is three lanes wide at the intersection plus an approach lane extending south of the intersection for

some distance, for traffic merging onto the Expressway from Pecos Street.

Appellee testified: "Well, as I was going to enter the expressway there was a car ahead of me and it appeared to slow down very slow at the yield sign and then it went on, and I took for granted it was going on and enter the expressway, and then as I was even with the yield sign, well, I was looking back to make sure the way was clear, and just as I was fixing to turn around, I collided with the back of Mr. Campos' car." He further testified that the impact occurred about forty feet south of the yield sign, and that appellant must have stopped, although there was no southbound traffic on the expressway in front of appellant's automobile.

Appellant testified: "Before reaching the yield right-of-way sign about a hundred feet I noticed a car coming in back of me, so I know my brake light was working, and I put my hand out—so he would slow down, and I was making about five miles an hour before the yield right-of-way sign and the traffic was real heavy on the expressway. I had to slow down in order to stop at the yield sign because the traffic coming down the expressway was real heavy, and all of a sudden the car hit me." He further testified that appellee admitted to the police officer that the accident would not have occurred if he had not looked towards the expressway. Appellant testified that his car was damaged $80.00 to $90.00 and that his neck was injured.

It is seen that the crucial dispute in the evidence is over the point of impact. The trial court obviously accepted the testimony of appellee that the accident occurred south of the yield sign and at a place where appellee did not anticipate a stop by appellant because of the location and absence of traffic at this time. The yield sign required appellee to check traffic on the expressway before entering same.

It is a settled rule that proper lookout is ordinarily a question for the trier of facts. Lynch v. Ricketts, 158 Tex. 487, 314 S.W. 2d 273; Texas & Pac. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332. This rule has been applied in rear-end collisions. In Langford v. Pearson, Tex.Civ.App., 334 S.W.2d 473, wr. ref. n. r. e., an accident occurred on an approach lane leading onto the Gulf Freeway. After reviewing testimony very similar to that in the case at bar, the Court found that the jury findings acquitting both parties of negligence and that the accident was unavoidable, were not so against the great weight and preponderance of the evidence as to be manifestly unjust. See also: Dillon v. Moore, Tex.Civ.App., 367 S.W.2d 70; Beasley v. Baker, Tex.Civ. App., 333 S.W.2d 212; Shiflett v. Bennett Printing Co., Tex.Civ.App., 330 S.W.2d 220.

It is our opinion, from an examination of the entire record, that the findings of the trial court that appellant failed to show by a preponderance of the evidence that on the occasion in question appellee was guilty of a negligent act or omission proximately causing the collision are not so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

The judgment is affirmed.