**W. M. MAIN, Appellant,**

v.

**Richard A. OLIVER, Jr., et al., Appellees.**

No. 4359.

Court of Civil Appeals of Texas.

Waco.

Sept. 23, 1965.

Rehearing Denied Oct. 14, 1965.

John B. Faulkner, Waco, for appellant.

Hilton H. Howell, Waco, for appellees.

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take-nothing judgment in an intersection collision case.

Plaintiff Main sued defendants Oliver for damages for injuries sustained as a result of a collision between plaintiff and defendants' automobile at the intersection of 18th Street and McKenzie Avenue in Waco, Texas.

Trial was to a jury which found that defendant failed to keep a proper lookout; which failure was a proximate cause of the collision. The jury further found that: 1)

the plaintiff failed to keep a proper lookout; which failure was a proximate cause of the collision; and 2) that the plaintiff could have avoided the collision by driving to the left; which failure was negligence; and a proximate cause of the collision.

The trial court entered judgment on the verdict that plaintiff take nothing.

Plaintiff appeals on 6 points, contending:

1) There is no evidence, or insufficient evidence, to support the jury's findings that plaintiff failed to keep a proper lookout (which proximately caused the collision), and that such findings are against the great weight and preponderance of the evidence.

2) There is no evidence, or insufficient evidence, to support the jury's findings that plaintiff could have avoided the collision by driving to the left, (which failure was negligence and a proximate cause of the collision), and that such findings are against the great weight and preponderance of the evidence.

The record reflects that plaintiff Main was driving South on North 18th Street, and defendant Oliver was driving East on McKenzie. There was a stop sign for McKenzie traffic entering 18th Street. The view of both drivers of each other as they approached the intersection was open and unobstructed. It had been misting and the streets were damp, but the weather was clear at 8:50 P. M. when the collision occurred. It was dark and both cars had their lights on. The evidence conflicted as to whether Oliver stopped at the stop sign, but the jury found that he did stop. Plaintiff was traveling 25 or 30 miles per hour, and testified he saw defendant's vehicle from the time it was 4 or 5 car lengths away from the intersection.

 Proper lookout is ordinarily a question for the trier of facts, in this case the jury. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273; T. & P. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332; Campos v. Smith, Tex.Civ.App., (n. w. h.) 386 S.W. 2d 823.

Since plaintiff's view was unobstructed and plaintiff did see defendants' vehicle 4 or 5 car lengths away from the intersection, we think the jury authorized to believe that plaintiff failed to keep a proper lookout, and that such failure was a proximate cause of the collision. From the record as a whole, we do not think such findings are against the great weight and preponderance of the evidence.

Plaintiff's contention 1 is overruled.

Under this view plaintiff's 2nd contention passes out of the case.

Affirmed.