**INDUSTRIAL OXYGEN COMPANY, Inc., et al., Appellants,**

v.

**Seth E. CAMPBELL, Individually and as Next Friend of Anita Ann Campbell, Appellee.**

**No. 4477.**

Court of Civil Appeals of Texas.

Waco.

July 28, 1966.

Rehearing Denied Aug. 25, 1966.

Dan E. Mayfield, Jr., Waco, for appellants.

Bradley & Geren, Carl Cannon, James L. Bradley, Groesbeck, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant from a judgment for plaintiff in a collision case.

Plaintiff Campbell, individually and as next friend of his minor daughter, Anita Ann, sued defendant for damages for personal injuries to his daughter and property damages to his car, sustained when his car driven by his daughter collided with the rear of defendants' parked truck in downtown Mexia on the night of August 17, 1964.

Trial was to a jury which found defendants guilty of negligence in having reflectors on the rear of the truck which were not visible, and that such was a proximate cause of the collision. The jury acquitted Anita Ann Campbell of several acts of contributory negligence, including failure to keep a proper lookout; and fixed plaintiff's damages at $5962 ($850 damage to car; $694.30 hospital and medical expense; and $4417 personal injuries to Anita).

The trial court entered judgment for plaintiff on the verdict. Defendants appeal, contending:

1) The trial court erred in submitting Issue 6 for the reason such issue is multifarious, duplicitous, a comment on the weight of the evidence, and assumes a controverted factual issue.

2) Anita Ann Campbell failed to keep a proper lookout as a matter of law.

Defendants' first contention complains of the form of submission of Issue 6:

"Do you find from a preponderance of the evidence, if any, that at the time and on the occasion in question the defendants' reflectors on the rear of their truck-tractor-trailer had mud or dirty water on same so that the reflectors were not visible? Answer 'Yes' or 'No.'
"ANSWER: Yes."

(Issues 7 and 8 found such was negligence and a proximate cause of the collision).

Defendants assert that such issue inquires as to whether there was mud, or dirty water on the reflectors on defendants' truck, *and* whether such were there to such a degree as to cause the reflectors to inadequately reflect; and that such is duplicitous and multifarious.

Miss Campbell was driving south on Sherman Street in downtown Mexia about 10:00 o'clock at night; she turned left onto Carthage Street; it was dark; defendants' truck-tractor-trailer was parked out from the south curb of Carthage Street about 30 feet from the intersection; Miss Campbell hit the back of the truck as soon as she turned the corner; her lights were on. Miss Campbell testified that if the truck had reflectors on it they were not visible; that if it had reflectors they were covered with mud; that there were no reflectors on the rear of the trailer maintained so as to be visible at night; and that she did not see the truck "because

there were no lights reflecting in order for me to know there was an object there." Inspection of the truck shortly after the collision by other witnesses revealed the reflectors were covered with mud or dirty water. It had been raining earlier.

An issue is not to be condemned as multifarious or duplicitous merely because it groups more than one fact element therein, so long as it involves only one ultimate or controlling issue. Howell v. Howell, 147 Tex. 14, 210 S.W.2d 978; Cloer Gen. Contractor, Inc. v. Brown, CCA, (nwh), 331 S.W.2d 426; Rodman Supply Co. v. Parker, CCA (nwh) 363 S.W.2d 838; Gray County Gas Co. v. Oldham, CCA (nwh), 238 S.W.2d 596; Jones v. Scott, CCA (nre), 266 S.W.2d 534.

We think Issue 6 submits only one ultimate issue, and that is if the reflectors were not visible.

In any event, under the record, the form of submission of Issue 6 does not constitute reversible error. Rule 434 Texas Rules of Civil Procedure.

Defendants' second contention is that under the record, Anita Ann Campbell failed to keep a proper lookout as a matter of law. Contributory negligence and proper lookout are ordinarily jury questions. Texas & P. Ry. v. Day, 145 Tex. 277, 197 S.W.2d 332; Irvin v. Ralston, CCA (nwh) 379 S.W.2d 111; Langford v. Pearson, CCA (nre), 334 S.W.2d 473; Hipfner v. Anderson, CCA, (nre) 258 S.W.2d 357.

Under the record we cannot say there was no evidence from which the jury could properly conclude that Miss Campbell did not fail to keep a proper lookout.

Defendants' points and contentions are overruled.

Affirmed.