Johnnie A. SNEED et ux., Appellants,

v.

FORT WORTH TRANSIT COMPANY, Appellee.

No. 16919.

Court of Civil Appeals of Texas.

Fort Worth.

April 26, 1968.

Johnson & Johnson, and Joe J. Johnson, Jr., Fort Worth, for appellants.

Cantey, Hanger, Gooch, Cravens & Scarborough, and William L. Hughes, Jr., and Estil Vance, Jr., Fort Worth, for appellee.

OPINION

RENFRO, Justice.

This is an appeal by plaintiffs from a judgment based on an instructed verdict for defendant in an intersection collision case.

Suit was brought by Johnnie A. Sneed and wife, Gertrude C. Sneed, for damages for personal injuries sustained by Gertrude C. Sneed in a collision between defendant's bus and plaintiffs' car in the intersection of Fairmount and Jessamine Streets in the City of Fort Worth. Compensation for damages to plaintiffs' car was also sought, as were doctor's and medical bills.

The instructed verdict was granted for defendant at the conclusion of plaintiffs' testimony.

For convenience Gertrude C. Sneed will be called plaintiff.

Fairmount Street runs north and south. Jessamine is an east-west street.

Both parties were traveling south on Fairmount immediately before the accident. There was no traffic control sign or signal at the intersection confronting persons traveling south.

Plaintiff testified: About 5:00 P.M. plaintiff got in her car in the rear of her employer's house on Fairmount Street. She backed out the driveway. She stopped before backing into Fairmount Street, looked and saw a bus three or four blocks away, traveling south. After entering the street she turned on the car's left signal light. The intersection with Jessamine Street, where she intended to turn, was about three car lengths ahead of her. There was one house between her employer's house and the intersection. After she backed into the street she looked at the bus again. It looked three blocks away. After she straightened out in the street she did not

look at the bus again. After she made her turn in the intersection the bus hit her car. The bus, when it hit her, was on her left, driving in left or the east side of Fairmount. She was in the right lane on Fairmount as she approached the intersection. The bus hit her left front door. The force of the bus knocked her car up on the corner of Jessamine and Fairmount Streets. Before the impact she heard no horn, no brake sounds, or any other noise indicating the approach of the bus.

On cross-examination she testified that after backing into Fairmount Street she straightened out, shifted gears, and moved forward. She admitted that in a deposition she had stated the bus was a block and a half away when she looked the second time. She estimated the speed of the bus at about 55 miles per hour. There were no parked cars between her employer's driveway and Jessamine Street. She did not remember whether she looked in the rear view window. She was "looking through the one up in the car." At time of impact she had turned sufficiently to be headed east on Jessamine with the rear end of the car pointed west. The bus was going south when it struck her car.

On re-direct she testified: When she first backed up the street she saw the bus, but when she approached her turn she did not look in the mirror any more. She maintained the bus was three blocks away when she started forward to the intersection.

Defendant moved for instructed verdict on the grounds, (a) and (b) there was no evidence, or insufficient evidence, to prove any cause of action against the defendant, and (c) as a matter of law plaintiff failed to keep a proper lookout.

The court's judgment recites that defendant's motion "was good in all of its features.

Reference to the testimony shows that plaintiff's evidence was sufficient to pre-

sent to the jury one or more pleaded issues pertaining to defendant's negligence.

We have no difficulty in determining the court erred in granting an instructed verdict on (a) and (b) of the motion.

The material and controlling issue before this Court is whether the evidence shows that plaintiff, as a matter of law, was guilty of failure to keep a proper lookout.

Defendant has cited forty-five cases in which contributory negligence as a matter of law has been decided or discussed.

Typical of the holdings in such cases is the following quotation from Brown v. Frontier Theatres, Inc., 369 S.W.2d 299 (Tex.Sup., 1963): "It is the general rule in Texas that where the undisputed evidence establishes the existence of a danger and the injured party has knowledge or is chargeable with knowledge of the danger and, without justification, exercises no care *whatever* (emphasis added), then there is shown a case of contributory negligence as a matter of law."

In Northern Texas Traction Co. v. White, 19 S.W.2d 416 (Tex.Civ.App., 1929, writ dism.), it was held: " * * * the testimony of plaintiffs themselves shows conclusively as a matter of law that they exercised no care *whatsoever* (emphasis added) to avoid the known danger of passing the crossing without looking to see whether or not a street car was approaching, and offered no excuse for failure to so do; * * *."

Undisputed evidence showing *no care whatever* on the part of plaintiffs was the basis for holding plaintiffs guilty of contributory negligence as a matter of law in Texas & N. O. R. Co. v. Burden, 146 Tex. 109, 203 S.W.2d 522 (1947); Hadley v. International-Great Northern R. Co., 268 S.W.2d 738 (Tex.Civ.App., 1954, writ dism.); Cross v. Wichita Falls & S. R. Co., 140 S.W.2d 567 (Tex.Civ.App., 1940, no

writ hist.); Wichita Valley Ry. Co. v. Fite, 78 S.W.2d 714, 715 (Tex.Civ.App., 1934, no writ hist.); Texas Mexican Ry. Co. v. Hoy, 24 S.W.2d 18 (Tex.Com.App., 1930); and Robinson v. Houston Belt & Terminal Ry. Co., 23 S.W.2d 894 (Tex.Civ.App., 1929, no writ hist.).

■ Ordinarily, proper lookout is a question for the jury. Texas & Pac. Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332 (1946); Joe D. Hughes, Inc., v. Moran, 325 S.W.2d 829 (Tex.Civ.App., 1959, ref., n. r. e.); Berry v. Sunshine Laundries & Dry Cleaning Corp., 387 S.W.2d 948 (Tex. Civ.App., 1965, ref., n. r. e.).

■ Contributory negligence and proximate cause, such as failure to keep a proper lookout, are proved as a matter of law, when they consist of the violations of law, or the circumstances are such that, in the opinion of the court, reasonable minds could not arrive at different conclusions. Burton v. Billingsly, 129 S.W.2d 439 (Tex.Civ. App., 1939, ref.); Texas & N. O. R. Co. v. Blake, 175 S.W.2d 683 (Tex.Civ.App., 1943, ref.); Jones v. Steele, 371 S.W.2d 614 (Tex.Civ.App., 1963, no writ hist.); Baker v. Loftin, 222 S.W. 195 (Tex.Com.App., 1920).

The record is silent as to the distance, in feet, from plaintiff's starting point to Jessamine Street. We know only that it was about three car lengths. Nor does the record show the distance in feet or yards of the bus from the intersection when plaintiff saw it on her second "look." It was about three blocks away. We are uninformed as to the length of the blocks or the width of the intervening streets. In the circumstances, with the above testimony before it, a jury could have believed that a person situated as was plaintiff could safely reach Jessamine, watching for cars to her right, left and in front of her, and make her turn safely before the bus overtook her, even though it might believe the bus was traveling at a speed of 55 miles per hour. There

were no other cars to impede her progress to Jessamine and the intersection was clear when she reached it.

Plaintiff did look at the bus twice. She turned on her left turn signal light as soon as she started forward toward Jessamine Street. She, therefore, did exercise some degree of care for her own safety.

According to plaintiff's testimony she heard no horn, no sound of applied brakes or any other sign that she was in danger of being struck by any vehicle behind her. The only warning she had of any possible danger was her testimony, previously discussed, that there was a bus somewhere behind her.

■ The cases generally agree that contributory negligence rarely becomes a question of law but is usually one of fact. It is when one pursues a course of known danger and exercises no degree of care for his own safety that he may be said to be guilty of contributory negligence as a matter of law. When he exercises some degree of care it becomes an issue of fact as to whether the care so used was such as would have been used by a person of ordinary care under the circumstances. Loughry v. Hodges, 215 S.W.2d 669 (Tex.Civ.App., 1948, ref., n. r. e.); Texas & N. O. R. Co. v. Blake, 175 S.W.2d 683 (Tex.Civ.App., 1943, ref.); Montgomery v. Vinzant, 297 S.W.2d 350 (Tex.Civ.App., 1956, no writ hist.); Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585 (1948); Miller v. Tilton, 289 S.W.2d 426 (Tex.Civ.App., 1956, no writ hist.); Jones v. Gibson, 18 S.W.2d 744 (Tex.Civ.App., 1929, no writ hist.).

In Irvin v. Ralston, 379 S.W.2d 111 (Tex. Civ.App., 1964, no writ hist.), the court held that plaintiff used some care and therefore the question of whether he kept a proper lookout was for the jury.

In Lovell v. Stanford, 386 S.W.2d 755 (1965), a case in which the trial court re-

924

fused to submit issues on negligence and proximate cause, holding defendant guilty of negligence and proximate cause as a matter of law, the Supreme Court held: "It is elementary * * * that the judgments of the courts below can only be sustained in the event that the evidence introduced at the trial be such that reasonable minds could only conclude that defendants were negligent as a matter of law and that as a matter of law this negligence was a proximate cause of the injury and damages suffered by the plaintiffs. To determine this question we must analyze the evidence," and in Brown v. Frontier Theatres, Inc., 369 S.W.2d 299 (Tex.Sup., 1963), supra, after stating the general rule on "no care", which we quoted on page 922 of this opinion, the court continued: "But where, as here, there is some evidence of care and the question is one of the sufficiency of the care taken, it cannot be said as a matter of law that there is contributory negligence."

Most applicable to the instant case, if indeed not controlling, is Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958), wherein Justice Walker, writing for the Court, stated: "In a case of this character, standards of ordinary care such as the direction and extent of the observation which Mrs. Ricketts should have made at any particular time cannot be fixed with any degree of certainty but must be left in large measure to the trier of fact. It is well settled, moreover, that negligence and causation, like any other ultimate fact, may be established by circumstantial as well as direct evidence. * * * The jury is thus not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Its findings may not be disregarded under the provisions of Rule 301, therefore, if the record discloses any evidence of probative value which, with inferences that may be properly drawn therefrom, will reasonably support the same."

We have above set out all the evidence we can find in the record concerning the conduct of the plaintiff on the occasion. Referring to same without repeating it, we think the evidence shows plaintiff did look twice, did exercise some care, and the sufficiency thereof to determine whether she kept a proper lookout was for the jury to decide.

When a verdict is instructed against a plaintiff, as in this case, the evidence must be viewed and construed, with reasonable inferences and deductions, most favorable to plaintiff. Riojas v. Riojas, 289 S.W.2d 802 (Tex.Civ.App., 1956, no writ hist.).

A jury could reasonably infer from plaintiff's evidence that the bus, traveling at an excessive rate of speed in the wrong traffic lane, attempted to pass her car in an intersection.

The negligent or unlawful act or acts of defendant, if any, did not excuse plaintiff from exercising ordinary care for her own safety. Although not required to anticipate negligent or unlawful conduct on the part of others, she was not entitled to close her eyes to that which was plainly visible and which would have been observed by a person of ordinary prudence similarly situated. Renegar v. Louis, 368 S.W.2d 11 (Tex.Civ.App., 1963, ref., n. r. e.); Henderson v. Smith, 354 S.W.2d 429 (Tex.Civ.App., 1962, no writ hist.).

A jury could, however, consider the conduct of defendant and the position of the bus as circumstances bearing on the question of whether, at the time and place, plaintiff did keep such lookout as a person of ordinary prudence would have kept in the same or a similar situation.

"Having the right of way does not solve * * * (plaintiff's) negligence problem, but it does limit the reach of her conduct." Hooper v. Holt, 416 S.W.2d 916 (Tex.Civ.

App., 1967); Mrs. Baird's Bread Company v. Williams, 425 S.W.2d 1 (Tex.Civ.App., 1968).

In view of the authorities, particularly such cases as Brown v. Frontier Theatres, Inc., supra, and Lynch v. Ricketts, supra, we conclude the trial court erred in holding as a matter of law that plaintiff failed to keep a proper lookout.

We cannot say only one reasonable conclusion can be drawn from the evidence.

Reversed and remanded.