**C. F. REBERGER, Appellant,**

v.

**Gordon W. REED, Appellee.**

No. 6482.

Court of Civil Appeals of Texas.

Amarillo.

March 28, 1955.

Rehearing Denied April 25, 1955.

Adkins, Folley, McConnell & Hankins, Amarillo (Wayne P. Sturdivant, Amarillo, of counsel), for appellant.

Tom Seay, Amarillo, for appellee.

MARTIN, Justice.

Appellee, Gordon W. Reed, plaintiff in the trial court, as a result of automobile motor trouble, was driving said automobile at a speed of 10 or 15 miles per hour on Highway No. 66 towards the City of Amarillo when it was struck from the rear by the automobile of appellant, C. F. Reberger, who was proceeding in the same direction. The record reveals without dispute that immediately prior to the collision there was another automobile being operated ahead of appellant's automobile which automobile passed the car of appellee just prior to the collision. Each party sought damages as a result of the collision and the trial court awarded appellee damages in the sum of $1,210.63. The trial court denied appellant any relief on his cross-action.

The judgment of the trial court is based on its findings that defendant, C. F. Reberger, was driving at a dangerous and negligent rate of speed under the circumstances and conditions then existing; that he was driving dangerously near to the car immediately ahead of him as the two cars approached the plaintiff's car; and that he failed to keep a proper look-out for other vehicles using said highway. As a further basis for its judgment, the trial court found that the doctrine of res ipsa loqui-

tur applied. The court also found that the collision was not caused by any negligence of appellee and was not the result of an unavoidable accident. Appellant predicated his appeal on four points of error directed to these findings of the court. These points will be discussed in their order with the pertinent facts thereunder.

■ Appellant's point one asserts, "The trial court erred in applying the doctrine of res ipsa loquitur to this case, in that the plaintiff alleged specific grounds of negligence upon which he predicated his case, and as a matter of law, where specific grounds of negligence are alleged, and the plaintiff does not advise the defendant that he does not intend to limit himself to these allegations, res ipsa loquitur is inapplicable." An examination of appellee's pleadings in the cause of action requires that appellant's point one be sustained on the issue above stated but this issue alone will not determine the appeal. Rankin v. Nash-Texas Co., Tex.Com.App., 129 Tex. 396, 105 S.W.2d 195, Syl. 7; Wichita Falls Traction Co. v. Elliott, Tex.Com.App., 125 Tex. 248, 81 S.W.2d 659, Syl. 6.

■ Appellant's point two asserts, "The trial court erred in finding the defendant guilty of the aforementioned specific acts of negligence in that the evidence totally fails to support either one or more of the acts of negligence". This point of error raises the sole issue that there is no evidence to support the trial court's findings. The evidence will be examined under the applicable rules. On the issue that appellant was driving at a dangerous and negligent rate of speed under the circumstances and conditions then existing, the record reveals the following facts.

Appellant himself testified that he was driving between 45 and 48 miles per hour following another car and that this car was being forced to zigzag in and out due to the roughness of the highway. Appellant further testified that he had to do a lot of weaving too on account of the rough condition of the road or either burst a tire. In conjunction with these driving conditions, the appellant's testimony reveals that while he was weaving down the road at a speed of 45 to 48 miles per hour he was unable to see "any reflection from the taillights or anything until * * * within forty or fifty feet" of appellee's automobile. According to appellant's further uncontroverted testimony, the reason he could not see appellee's automobile only forty or fifty feet away was because "This other car was in front of me, I couldn't see through it". His testimony reveals that he first saw the appellee's car when the car in front of appellant pulled over to pass appellee's automobile. It is therefore an uncontroverted fact that appellant was weaving down the road at a speed of 45 to 48 miles per hour following another car, and approached with 40 or 50 feet of appellee's car at such speed before he could see the same on account of the intervening automobile. It is conclusive that appellant's speed of 45 to 48 miles per hour under such conditions as testified to by him was a dangerous and negligent rate of speed under the circumstances and conditions then existing as found by the trial court.

■ The above facts developed by appellant's testimony likewise establish conclusively that appellant was driving dangerously near to the car that was immediately ahead of him as the two cars approached plaintiff's car. It is true that this issue was not pleaded by the appellee but the testimony was introduced without any objection and by the appellant himself and cured any failure of appellee to plead the same as an issue in the cause. Rule 67, Vernon's Annotated Texas Rules; Strong v. Garrett, 148 Tex. 265, 224 S.W.2d 471, Syl. 16. However, since the evidence supports the trial court's first finding of fact the finding on this issue is not necessary to the trial court's entering judgment on behalf of appellee.

On the issue as to the trial court's finding that appellant failed to keep a proper look-out for other vehicles using the same highway, appellant's testimony reveals that he was watching the car in front of him and governing his driving by such vehicle

rather than watching the highway and vehicles proceeding on the same. Although the lights on appellee's automobile were operating and were being blinked as a warning of decreased speed appellant never saw them. The facts detailed in the paragraphs above likewise establish that appellant failed to keep a proper look-out for other vehicles using the same highway. It can be reasonably presumed from such facts that appellant would not have driven his automobile in such close proximity to two other vehicles at the rate of 45 to 48 miles per hour if he had been keeping a proper look-out for the vehicles ahead of him on the highway. Appellant's second point of error is accordingly overruled as the findings of the trial court are supported by evidence in the record.

 Appellant's point three asserts "that the evidence was sufficient to show that plaintiff, as a matter of law, was guilty of specific acts of negligence, or in the alternative, the trial court erred in not finding that the plaintiff was guilty of contributory negligence so as to preclude any recovery on his part". Appellant bases this assignment on the proposition that appellee was operating his car upon the highway at too slow a rate of speed and on the further theory that since the motor in appellee's automobile was not performing satisfactorily that the same constituted the automobile a mechanically defective vehicle in violation of Art. 6701d, Section 140, Vernon's Ann.Civ.St., which reads as follows:

"No person shall drive or move on any highway any motor vehicle, trailer, semitrailer, or pole trailer, or any combination thereof unless the equipment upon any and every said vehicle is in good working order and adjustment as required in this Act and said vehicle is in such safe mechanical condition as not to endanger the driver or other occupants or any person upon the highway."

The facts on the above issues reveal that appellee was driving his automobile late at night upon the highway at a time when the shoulders of the highway were covered with snow and the temperature was down to fifteen degrees. Appellee had discovered that his motor was not delivering sufficient power to drive in excess of 15 miles per hour while he was approaching the City of Amarillo. He had not passed a place where he could have received mechanical assistance. The evidence further reveals that appellee and his wife had in the car with them a minor child of the age of twenty-four days, who later suffered from pneumonia by reason of the cold and exposure. The facts further reveal that prior to his automobile being struck by appellant's automobile appellee had driven off the paved portion of the highway and had attempted to find the defect which was slowing up the speed of his motor vehicle but was unable to ascertain the same. Appellee was also blinking the lights on his automobile while driving on the highway to indicate that he was driving at a reduced rate of speed. Under the facts in this case, the evidence supports the trial court's finding that appellee was not guilty of contributory negligence in driving down the highway at a speed of 10 to 15 miles per hour. No cases have been found defining the term "safe mechanical condition" as set forth in Section 140, supra, but the Statute clearly refers to "equipment" in the initial language thereof and the trial court correctly ruled that the term "safe mechanical condition" did not apply to the motor condition of this automobile under the particular facts and circumstances. The trial court did not err in ruling that appellee was not guilty of negligence per se by reason of any violation of a statutory regulation as to operation of a motor vehicle on the highway under the facts here and was not guilty of contributory negligence. Appellant's point three is overruled.

In view of the ruling of the court hereinabove made sustaining the trial court's finding that the appellant was guilty of negligence proximately causing the collision in issue such collision was not an unavoidable accident. Appellant's fourth point of error alleging the collision in question was the result of an unavoidable accident is overruled.

The judgment of the trial court is affirmed.