Reynaldo R. MORENO, Appellant,

v.

Sherry D. GATES et vir., Appellees.

No. 14818.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 10, 1969.

Rehearing Denied Jan. 7, 1970.

Wiley & Plumb, Peter N. Plumb, San Antonio, for appellant.

Carter, Callender & Branton, James L. Branton, San Antonio, for appellees.

BARROW, Chief Justice.

Appellee Sherry D. Gates, joined by her husband, Billy Gates, brought this suit to recover damages for personal injuries sustained by her when the automobile in which she was a passenger was struck from the rear by an automobile operated by appellant while the lead vehicle was stopped in the middle of a block. The jury exonerated appellant of all acts of negligence;[1] however, judgment non obstante veredicto was granted whereby appellees recovered their damages in the amount of $1,000.00 as found by the jury.

Appellant complains, by four points, of the trial court's action in disregarding the jury verdict and entering judgment non obstante veredicto. Rule 301, Texas Rules of Civil Procedure, authorizes the court to render such a judgment if a directed verdict would have been proper. This judgment can be sustained only in the event that the evidence introduced at the trial be such that reasonable minds could only conclude that appellant was negligent as a matter of law, and that as a matter of law this negligence was a proximate cause of the injury and damages suffered by appellees. Lovell v. Stanford, 386 S.W.2d 755 (Tex.Sup.1965).

The testimony relative to the accident is rather meager, and only appellant and Mrs. Gates testified in this connection. The accident occurred on December 8, 1966, shortly before 8:00 a. m. Mrs. Gates, hereinafter referred to as appellee, was riding to work in a car operated by her sister-in-law, Mrs. Lynell Biegler. They were proceeding east on East Commerce Street in the City of San Antonio when Mrs. Biegler decided to turn left across the street to buy cigarettes at a service station. East Commerce Street is a two-way street with two lanes of traffic in each direction. It had been misting rain that morning and the street was wet. Mrs. Biegler's car was in the inside lane and had stopped near the middle of the block to let westbound traffic clear when it was struck from the rear. Appellee testified that although no hand signal was given by Mrs. Biegler, she was sure that the left-turn blinker was on before the car was struck.

Strangely enough, appellant worked at the same place as appellee and Mrs. Biegler and had recognized and followed behind their car for several blocks. Both cars had gone through the same green traffic light at the intersection before Mrs. Biegler stopped her car. Appellant was following a little over three car lengths behind Mrs. Biegler's car when he noticed her slowing a little. He slowed his car and then she stopped. He testified: "It never occurred to me that they would stop and turn left and stop, since it was about five minutes to eight (and they were to be at work at eight). So they stopped and I saw no sign or signal lights or signs of turning, so I pressed on the brakes. I think I could have avoided the accident by, you know, going to my right; except there was a big trailer truck parallel to me." He testified that his car was about three car lengths behind the lead car when it stopped. Appellant was unable to stop after he applied his brakes and slid into the rear of the lead vehicle. Neither Mrs. Biegler nor the policeman who investigated the accident testified at the trial.

---

[1] No. 1. Moreno did not fail to keep a proper lookout. No. 3. Moreno did not fail to properly apply his brakes. No. 5. Moreno was not following the lead vehicle closer than a person of ordinary prudence would have done under the same or similar circumstances. Issues Nos. 2, 4 and 6 were conditionally submitted and were unanswered.

We cannot say the above facts establish, as a matter of law, that appellant was guilty of an act of negligence which was a proximate cause of the collision. This is not a case where the lead vehicle was struck from the rear after the driver stopped in obedience to a traffic signal or traffic control. Cf. Erck v. Zelios, 401 S. W.2d 867 (Tex.Civ.App.—Dallas 1966, no writ); Summers Road Boring, Inc. v. Thompson, 393 S.W.2d 690 (Tex.Civ.App. —Corpus Christi 1965, writ ref'd n. r. e.); Hoey v. Solt, 236 S.W.2d 244 (Tex.Civ. App.—San Antonio 1951, no writ). Here the lead vehicle stopped in the middle of the block of a heavily traveled street under circumstances that appellant cannot be charged as a matter of law with having foreseen. Such a fact situation is distinguishable from the rule applicable where a driver is required to stop and fails to do so, and does not compel a finding of negligence against the rear driver. See Lovell v. Stanford, supra; Campos v. Smith, 386 S.W.2d 823 (Tex.Civ.App.—San Antonio 1965, no writ); Griffith v. Hudspeth, 378 S.W.2d 153 (Tex.Civ.App.—San Antonio 1964, no writ); Riles v. Reichardt, 366 S. W.2d 655 (Tex.Civ.App.—Houston 1963, no writ); Scott v. McElroy, 361 S.W.2d 432 (Tex.Civ.App.—San Antonio 1962, writ ref'd n. r. e.).

Nor can we say from an examination of the entire record that any of the answers of the jury on the primary negligence issues are so against the great weight and preponderance of the evidence as to be manifestly unjust. We therefore overrule appellees' cross-points seeking, in the alternative, a remand of this case. Appellees had a full opportunity to develop their case and the jury failed to find from such evidence that appellant had committed an act of negligence. The record fully supports such action.

The judgment of the trial court is reversed and here rendered that appellees take nothing by their suit against appellant. The costs of this appeal are taxed against appellees.