Nicholas MORENO, Appellant,

v.

Robert G. FORBICH, Appellee.

No. 14826.

Court of Civil Appeals of Texas, San Antonio.

March 11, 1970.

Lieck, Lieck & Leon, San Antonio, for appellant.

Beckmann, Stanard, Wood & Keene, Melvin A. Krenek, San Antonio, for appellee.

CADENA, Justice.

This is a suit for damages for personal injuries suffered by plaintiff, Nicholas Moreno, appellant here, when the car in which he was a passenger was struck in the rear by a vehicle driven by defendant, Robert G. Forbich. Plaintiff appeals from a judgment, based on a jury verdict, that he take nothing.

The issue asking whether defendant failed to keep a proper lookout was answered in the negative by the jury. Plaintiff here asserts that the jury's failure to find that defendant failed to keep a proper lookout is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust.

On the date of the collision, plaintiff was a passenger in an automobile driven by Richard L. Ball. The Ball vehicle was proceeding in a westerly direction on Southwest Military Drive in San Antonio. At the intersection of Military Drive and Bynum Street, there is an access or "feeder" lane which permits westbound traffic on Military Highway to make a right turn onto Bynum. Traffic entering Bynum from the feeder lane is controlled by a "yield" sign. The feeder lane curves in a northwesterly direction from the point where it leaves Military Drive and intersects with Bynum.

After Ball had entered the feeder lane, he stopped at the yield sign in order to determine whether he could safely enter Bynum. He testified that, because of a stopped truck, he was unable to observe whether any traffic was approaching from his left, that is, from the south on Bynum. He then moved his car forward about five feet in order to be able to get a clear view to the south and, seeing a vehicle approaching on Bynum, came to a stop again. The Ball vehicle was then struck from behind by the Forbich automobile. There was testimony describing the impact as a "push," and the physical damage to the two vehicles was described as slight, consisting of a broken rear light on the Ball vehicle and little or no discernible damage to the Forbich automobile.

Forbich, who was also moving in a westerly direction on Military Drive, followed Ball into the feeder lane and brought his car to a stop when Ball stopped at the yield sign. Forbich testified that, although he could not remember whether or not there was a truck stopped to his right, his view of traffic approaching from the south on Bynum was unobstructed, and that there was no traffic approaching from the south. When the Ball automobile began to move forward, Forbich put his vehicle in motion. He looked to the left again to observe the northbound traffic on Bynum, and when he again directed his view forward he saw that the Ball vehicle had stopped again. Forbich was unable to stop his automobile before it struck the rear of the Ball car.

The above summary of the testimony shows that there is credible evidence to support the conclusion that defendant did not fail to keep a proper lookout, and that the Ball vehicle, after it had stopped and started forward again, came to a second stop when there was no traffic approaching on Bynum. When the lead automobile moved forward, it was defendant's duty to observe the situation on Bynum in order to determine whether it was safe for him to enter Bynum behind Ball. In view of the short distance which the Ball automobile had

traveled before it stopped again and was struck from the rear, we cannot say that the jury's failure to find improper lookout is against the great weight and preponderance of the evidence. Campos v. Smith, 386 S.W.2d 823 (Tex.Civ.App.—San Antonio 1965, no writ); Langford v. Pearson, 334 S.W.2d 473 (Tex.Civ.App.—Waco 1960, writ ref'd n. r. e.).

Since we are not justified in overturning the jury's finding on the issue of primary negligence, plaintiff's points complaining of the jury's findings with reference to plaintiff's contributory negligence and damages become irrelevant.

The judgment of the trial court is affirmed.