Celia **GAITAN**, Appellant,

v.

Erlinda F. **REYES SALVATIERRA**,
Appellee.

No. 15061.

Court of Civil Appeals of Texas,
San Antonio.

Oct. 19, 1972.

Rizik & Wennermark, John D. Wennermark, San Antonio, for appellant.

Groce, Locke & Hebdon, Damon Ball, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from a judgment that plaintiff, Celia Gaitan, take nothing against defendant, Erlinda F. Reyes Salvatierra, based on a jury verdict. Plaintiff brought suit to recover damages sustained when a car operated by her was struck from the rear by defendant's car on an entrance lane to northbound I.H. #35 Expressway in San Antonio, Bexar County, Texas.

The jury acquitted defendant of any acts of negligence. Plaintiff complains that the jury's answers to Questions Nos. 1 and 3 are against the great weight and preponderance of the evidence. In answer to Question No. 1 the jury refused to find from a preponderance of the evidence that defendant failed to keep a proper lookout,[1] and in answer to Question No. 3, the jury refused to find that defendant failed to timely apply her brakes.[2] Plaintiff asserts that these findings are so against the great weight and preponderance of the evidence as to be manifestly unjust, and she also asserts that the trial court erred in overruling plaintiff's motion for new trial be-

---

1. *"Question No. 1*
 "Do you find, from a preponderance of the evidence, that immediately prior to the collision in question, the Defendant, ERLINDA F. REYES SALVATIERRA, failed to keep such a lookout as an ordinary prudent person in the exercise of ordinary care would have kept under the same or similar circumstances?" * * *
 "We, the Jury, answer: We do not."
 * * *

2. *"Question No. 3*
 "Do you find, from a preponderance of the evidence, that immediately prior to the collision in question, the Defendant, ERLINDA F. REYES SALVATIERRA, failed to apply the brakes on her automobile within such time as an ordinary prudent person in the exercise of ordinary care would have applied his or her brakes under the same or similar circumstances?" * * *
 "We, the Jury, answer: We do not."
 * * *

cause the jury's answers to such questions were so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust.

 This complaint requires a review of the entire record. In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1952); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361 (1960).

The accident occurred about 6:30 a. m. on the morning of July 28, 1970; the weather was clear and dry. The entrance lane on which the accident occurred is sometimes referred to as the Theo Street entrance ramp to northbound I.H.#35 Expressway. It is about 100 yards long and is straight. The investigating officer described it in his testimony as an "acceleration lane" because vehicles on it were to accelerate to get up to the same speed as the vehicles on the expressway. The speed limit on the entrance ramp or lane was the same as that of the expressway, which was posted as 55 m. p. h. There are no stop lights or stop signs or yield signs for traffic on this entrance lane.

The evidence in many facets is conflicting. Plaintiff testified that she was driving a green Volkswagen and that the traffic was heavy; that as she was driving, approaching the expressway, she saw a car stopped in front of her; that she continued to drive up and stopped behind such car; that while she was looking around to figure out what to do, her car was struck from the rear by defendant's automobile; that when she first saw the car in front of her stop, she was about 5 or 6 car lengths behind it; that she kept on going and started slowing down and came to a stop behind such car; that after she stopped she looked in the rear view mirror and did not notice any one behind her; that as she was looking at the traffic and waiting for the car in front of her to move, she was hit from behind; and that there were several cars stopped somewhere in front of her.

Defendant testified that when she turned into the entrance lane she saw the vehicles moving on it some distance ahead of her, but that there were no cars immediately in front of her; that after getting on the entrance lane, she looked over her left shoulder to check traffic on the expressway for a part of a second, then looked back in front of her, and she then saw that the car to her front was either stopped or stopping; that she immediately stepped on her brakes and her car slowed some, but that a collision occured; that prior to the collision she was going about 20 m. p. h., and that there were cars moving in front of her.

 This is not a case where the lead vehicle was struck from the rear after the driver stopped in obedience to a traffic signal, and is distinguishable from the rule applicable where the driver is required to stop and fails to do so, and does not compel a finding of negligence against the rear driver. Cf. Lechner v. Kelley, 467 S.W.2d 652 (Tex.Civ.App.—Tyler 1971, no writ); Meinen v. Mercer, 390 S.W.2d 36 (Tex. Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.).

 The jury heard all of the evidence, observed the witnesses and acquitted defendant of any negligence. In cases of this character standards of ordinary care cannot be fixed with any degree of certainty but must be left in large measure to the trier of the facts. The jury is not only the judge of the facts and circumstances proven, but may also draw reasonable inferences and deductions from the evidence adduced before it. Its finding may not be disregarded under the provisions of Rule 301, Texas Rules of Civil Procedure, if the record discloses any evidence of probative value, which with inferences that may be properly drawn therefrom, will reasonably support the same. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958).

The case of Langford v. Pearson, 334 S.W.2d 473 (Tex.Civ.App.—Waco 1960,

writ ref'd n. r. e.), was a personal injury case growing out of a rear end collision on an approach lane leading onto the Gulf Freeway in Houston, Texas. The jury acquitted both plaintiff and defendant of any negligence and among other findings found that the defendant did not fail to keep a proper lookout and did not fail to make a proper application of his brakes. The Court of Civil Appeals, after reviewing testimony very similar to that in the case at bar, found that the jury's findings acquitting both parties of the negligence were not so against the great weight and preponderance of the evidence as to be manifestly unjust.

This Court in another rear end collision case, Moreno v. Gates, 449 S.W.2d 366, 368 (1970, writ ref'd n. r. e.), said: "Nor can we say from an examination of the entire record that any of the answers of the jury on the primary negligence issues are so against the great weight and preponderance of the evidence as to be manifestly unjust. We therefore overrule appellees' cross-points seeking, in the alternative, a remand of this case. Appellees had a full opportunity to develop their case and the jury failed to find from such evidence that appellant had committed an act of negligence. The record fully supports such action." See also: Moreno v. Forbich, 452 S.W.2d 505 (Tex.Civ.App.—San Antonio 1970, no writ), and Campos v. Smith, 386 S.W.2d 823 (Tex.Civ.App.—San Antonio 1965, no writ), both upholding jury findings in cases involving rear end collisions on approach or feeder lanes, in which cases there were points of error urged that the jury's findings acquitting defendant of any acts of negligence were so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

It is our opinion, from an examination of the entire record, that the jury's answers to Questions Nos. 1 and 3 are not so contrary to the great weight and preponderance of the evidence as to be mani-festly unjust, and the trial court did not commit error in overruling plaintiff's motion for new trial.

The judgment is affirmed.