**Fayrene E. RAMPY, a feme sole, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY,**
Appellee.

**No. 11973.**

Court of Civil Appeals of Texas,
Austin.

March 7, 1973.

Rehearing Denied March 28, 1973.

---

2. Under Article 667–3(e) and (f), this is a license to sell beer.

Bob Roberts, Byrd, Davis, Eisenberg & Clark, Austin, for appellant.

Barham Bratton and Barry ·Bishop, Clark, Thomas, Harris, Denius & Winters, Austin, for appellee.

O'QUINN, Justice.

Fayrene E. Rampy, the appellant, was insured with Allstate Insurance Company under a policy providing "Protection Against Uninsured Motorists." The· rear end of appellant's automobile was struck by another car driven by Richard Grayson Guion, who was an uninsured operator, and appellant brought this lawsuit to recover for bodily injury under her policy with Allstate.

The collision occurred in Austin, on North Lamar Boulevard, in the first block north of West 12th Street, about 11 o'clock on the morning of January 12, 1971. Both cars were traveling north in a through-lane on Lamar Boulevard, after a change in the traffic light at 12th Street, when Guion's vehicle collided with the rear of the Rampy car which had come to a stop.

The case was tried to a jury, and, based on the jury's verdict, the trial court entered judgment on May 9, 1972, that appellant take nothing by her suit. Appellant perfected her appeal after the trial court overruled motion for new trial, and brings nine points of error.

We will overrule all points of error and affirm the judgment of the trial court.

In response to special issues one, three, and five, the jury absolved the uninsured motorist, Guion, of negligence in following too closely, in applying his brakes, and in keeping a proper lookout.

Shortly before the collision occurred, Guion stopped his vehicle behind another car at the intersection of West 12th Street and Lamar Boulevard in response to a traffic control light. After traffic moved northerly from the intersection, the vehicle in front of Guion's car pulled out of the lane and into the lane on the right, also a northerly through-lane. Guion, for the first time, saw the Rampy vehicle, stopped in the lane ahead of him. The street was wet and slippery, and when Guion applied his brakes, which was immediately after he saw the Rampy car, the Guion car skidded into the rear of the Rampy automobile. The point of impact was about 100 feet north of the intersection and to the right, or east, of a turnout lane on the left by which traffic entered Enfield Road traveling westerly from Lamar Boulevard.

Guion testified that the Rampy car was about forty feet from his vehicle when he first saw the car and at that time he was traveling fifteen to twenty miles an hour. The parties stipulated that, if called as a witness, a police officer would have testified that Guion said at the scene of the accident he was ". . . going about twenty-five miles an hour." It was also stipulated that the police officer would have testified that he measured nine feet of skid marks made by Guion's car leading to the point of impact.

Guion testified that the Enfield traffic on the turnout was to his left, waiting for the traffic light controlling that lane to change, and that traffic also was in the lane to his right moving northerly. Guion stated that his vehicle was about fifteen feet behind the car that pulled into the right lane, disclosing the presence of the Rampy car ahead. On cross examination, when asked ". . . isn't it a fact . . . you were simply too close behind the car . . . you were following so that when it changed lanes, you were not given an opportunity to stop to keep from hitting Mrs. Rampy?" Guion replied, "Yes, Sir, I suppose that's it."

Appellant contends that Guion was an interested party whose testimony was binding on appellee, and that under his uncontradicted testimony, describing how the accident happened and estimating distances and the speed of his vehicle, Guion was guilty of negligence as a matter of law. Guion's testimony as to speed, distances, and his admission that he may have been too close to the car that turned into another lane for him to stop after he saw the Rampy vehicle could have been based on no more than his own opinions. The rule is settled that a party is not necessarily bound to a fact which he admits only by way of opinion. Petit v. Klinke, 152 Tex. 142, 254 S.W.2d 769, 772 (1953); De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95, 99 (1955); McNeil v. Current, 484 S. W.2d 394, 396 (Tex.Civ.App. Houston 1st 1972, writ ref. n. r. e.).

In urging a holding that Guion was guilty of negligence as a matter of law, appellant relies on decisions we find distinguishable from this case. Appellant contends that Reberger v. Reed, 278 S.W.2d 591 (Tex.Civ.App. Amarillo 1955, writ ref. n. r. e.) is analogous to this case and stands for the proposition that facts such as Guion testified to render the driver guilty of negligence as a matter of law. We do not find this to be the holding in Reberger. Unlike the case before us, in Reberger the district court, as trier of the facts, found the driver of the vehicle striking the rear of the lead car guilty of three specific acts of negligence, and on appeal the contention was made that the evidence totally failed to support the findings. The appellate court was required only to determine whether the findings were supported by the evidence. The court held that two of the three findings of negligence by the

trial court were supported by evidence in the record.

Appellant also relies on cases in which the collision occurred after the driver of the lead vehicle had stopped in obedience to a traffic signal or control. Erck v. Zelios, 401 S.W.2d 867 (Tex.Civ.App. Dallas 1966, no writ); Hoey v. Solt, 236 S.W.2d 244 (Tex.Civ.App. San Antonio 1951, no writ). As stated by the court of civil appeals in Gaitan v. Reyes Salvatierra, 485 S.W.2d 602, 604 (Tex.Civ.App. San Antonio 1972, no writ), "This is not a case where the lead vehicle was struck from the rear after the driver stopped in obedience to a traffic signal, and is distinguishable from the rule applicable where the driver is required to stop and fails to do so, and *does not compel a finding of negligence against the rear driver.*" (Emphasis added)

The decision in *Gaitan* follows an earlier holding of the same court in Moreno v. Gates, 449 S.W.2d 366, 368 (Tex.Civ.App. San Antonio 1969, writ ref. n. r. e.). In both *Moreno* and *Gaitan,* as in the present case, the jury found negligence issues favorably to the driver of the second car. In *Moreno* the trial court entered judgment for the owner of the lead vehicle *non obstante veredicto.* The appellate court did not have the question in *Moreno* of sufficiency of the evidence, as in *Reberger,* but whether the second driver was guilty of negligence as a matter of law.

■ The jury is the judge of facts and circumstances proved and may in addition draw reasonable inferences and deductions from the evidence adduced before it. The jury's findings may not be disregarded if the record discloses any evidence of probative value that, taken with inferences properly drawn, reasonably supports the findings. Rule 301, Texas Rules of Civil Procedure; Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273, 276 (1958); Gaitan v. Reyes Salvatierra, *supra,* 485 S.W.2d 604.

■ Appellant urges that the jury's answers to special issues one, three, and five, the effect of which was to acquit Guion of negligence in following too closely, in improper application of brakes, and in failing to keep a proper lookout, are against the great weight and preponderance of the evidence. From an examination of all the record, we hold that the jury's answers to these primary negligence issues were not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust.

We overrule appellant's points one, two, and three, directed to the jury's findings under the negligence issues, and point four, directed to the failure of the jury to answer special issues two, four, and six as to proximate cause in connection with the issues of negligence.

■ Under the fifth point appellant contends that the jury's failure to find damages for past and future physical pain and mental anguish was against the great weight and preponderance of the evidence. Since the jury's answers to the issues of negligence, which we have found were supported by the evidence, prevent appellant from recovering for damages, the jury's answer to the damage issue becomes immaterial. Southern Pine Lumber Co. v. Andrade, 132 Tex. 372, 124 S.W.2d 334, 335 (1939). It is not necessary that we consider this point. Gavrel v. Young, 407 S.W. 2d 518, 520 (Tex.Civ.App. Houston 1966, writ ref. n. r. e.); Garza v. San Antonio Transit Co., 180 S.W.2d 1006, 1009 (Tex. Civ.App. San Antonio 1944, writ ref. w. o. m.).

■ By the sixth point appellant asserts error in submission of a definition of unavoidable accident because there was insufficient evidence to permit such submission. The record does not disclose that timely objection was made to the court's charge by reason of the definition, and was not brought to the court's attention until motion for new trial was filed. Objection to

submission of the definition was waived. Rule 274, Texas Rules of Civil Procedure.

Appellant urges under the seventh point that the trial court should have instructed a verdict as to liability because the evidence established negligence on the part of Guion as a matter of law. We have considered this contention under earlier points, and the point is overruled.

Appellant complains under point eight that the trial court refused to submit her requested special issues, based upon Article 6701d, Section 61(a), Vernon's Ann.Civ.St., a traffic regulation concerned with vehicles "following too closely." (As amended by Acts 1969, 61st Leg., p. 1671, ch. 534, sec. 1).

The requested special issue was designed to ask if the jury found that Guion " . . . failed to maintain an assured, clear distance between his vehicle and the vehicle which preceded him," and offered a definition of "assured clear distance." The definition read: "Assured clear distance means that distance which would be maintained by a driver using ordinary care when following another vehicle, considering the speed of such vehicles, and the traffic upon and the conditions of the street, so that the following vehicle can be safely brought to a stop without colliding with the preceding vehicle *or striking* other vehicles, objects or persons on or near the street." (Emphasis added)

In the definition requested appellant used the phrase "or striking" in lieu of the words of the statute, "or veering into." The statute reads: "The driver of a motor vehicle shall, when following another vehicle, maintain an assured clear distance between the two vehicles, exercising due regard for the speed of such vehicles, traffic upon and conditions of the street or highway, so that such motor vehicle can be safely brought to a stop without colliding with the preceding vehicle, *or veering into* other vehicles, objects or persons on or near the street or highway." Art. 6701d, sec. 61(a). (Emphasis added)

■ The controlling issue as to whether Guion was following too closely was submitted by the court in Special Issue No. One. The common law duty not to follow too closely was properly submitted under that issue which was broad enough to include the duty created by the statute. Texas Pattern Jury Charges (State Bar of Texas 1969) follows the statute without deviation. (Vol. 1, 5.09, p. 99) The Committee on Jury Pattern Charges stated the view that in accidents arising after the statute became effective in 1969 " . . . even though a 'following too closely' series may be a valid common law submission, both common law and statutory submissions should not be used in the same case because of possible error from over-emphasis." (Vol. 1, p. 100)

■ Even if it be said that the requested issue, with a definition that departed from the strict statutory meaning of assured clear distance, correctly presented the matter, which we do not decide, it appears to be a phase or different shade of the same issue submitted by the court. Since the trial court fairly submitted the controlling issue raised by the pleadings and the evidence, the judgment will not be reversed for failure to submit in addition a different shade of the issue suggested by the statute. Rule 279, Texas Rules of Civil Procedure.

■ Under the ninth and last point appellant contends that argument of opposing counsel to the jury, to the effect that "large or excessive verdicts in cases like this are not justice and the effect of them is to come back and haunt us all," was so prejudicial that no instruction of the trial court could have removed the harmful effects and objection at the time was not necessary to preserve the error. We do not find the error claimed under this point preserved in the record on appeal, and the point is overruled. Rule 372, Texas Rules of Civil Procedure.

The judgment of the trial court is affirmed.