**Arthur PEREZ, Appellant,**

v.

**William H. FUSBAHN, Appellee.**

**No. 7512.**

Court of Civil Appeals of Texas, Beaumont.

Affirmed Nov. 1, 1973.

Motion for Rehearing Overruled Nov. 21, 1973.

**476**

Stahl & Sohn, San Antonio, for appellant.

Huson, Clark & Thornton, San Antonio, for appellee.

DIES, Chief Justice.

This is a rear end automobile collision case. The parties will be referred to as they are below.

Plaintiff was proceeding on Elmira Street, a single lane entrance, intending to enter I.H. 35. I.H. 35 at this section in the city of San Antonio runs generally east and west. The Elmira entrance serves automobiles desiring to move westward. Elmira runs down into I.H. 35. At this point there are three lanes on the freeway; the nearest to Elmira is an exit lane leaving the freeway some distance west of the Elmira entrance.

Plaintiff says traffic in all three lanes of Elmira required him to stop just before entering I.H. 35. Defendant who was following plaintiff says he looked east for traffic on I.H. 35 and when he turned back, he discovered plaintiff stopped, but not in time to prevent the collision.

Trial was to a jury which failed to find defendant failed to keep a proper lookout, make such application of the brakes as a person using ordinary care would have made, was driving at a greater speed than an ordinary person, or that his failure to turn right just prior to the collision was negligence.

The jury found that plaintiff failed to keep a proper lookout but failed to find this as a proximate cause of the collision.

Judgment was entered that plaintiff take nothing, from which he perfects this appeal.

Plaintiff attacks the jury findings in five points as being so contrary to the great weight and overwhelming preponderance of the probative evidence as to be clearly wrong and manifestly unjust, asking that the case be remanded for a new trial.

■ This complaint requires a review of the entire record. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). This we have done, and it supports our preliminary statement in this opinion as to how the accident occurred.

■ Plaintiff cites Art. 6701d § 71(b), Vernon's Ann.Civ.St., which was amended in 1969, as requiring that he stop as he did. This reads:

"The driver of a vehicle on a single lane street or roadway, or a street or roadway consisting of only two traffic lanes, upon approaching the intersection,

not otherwise controlled by traffic signs or signals, of a divided street or roadway, or of a street or roadway divided into three or more marked traffic lanes, shall stop, yield and grant the privilege of immediate use of such intersection to vehicles on such other street *which* are within the intersection or approaching such intersection in such proximity thereto as to constitute a hazard and after so stopping may only proceed thereafter when such driver may safely enter the intersection without interference or collision with traffic using such different street or roadway."

However, in Texas the mere occurrence of a rear end collision does not constitute negligence as a matter of law. O'Neill v. Craig, 493 S.W.2d 898, 901 (Tex.Civ.App., Corpus Christi 1973, error ref., n. r. e.).

■ This same situation was reviewed by the San Antonio Court in Gaitan v. Reyes Salvatierra, 485 S.W.2d 602, 604 (Tex.Civ.App., San Antonio 1972, no writ). There,

"The entrance lane on which the accident occurred is sometimes referred to as the Theo Street entrance ramp to northbound I.H. # 35 Expressway. It is about 100 yards long and is straight . . . . There are no stop lights or stop signs or yield signs for traffic on this entrance lane."

There, as here, the jury acquitted defendant of any acts of negligence (lookout, application of brakes); and there, as here, plaintiff asserted that these findings were so against the great weight and preponderance of the evidence as to be manifestly unjust.

The court said:

"The jury heard all of the evidence, observed the witnesses and acquitted defendant of any negligence. In cases of this character standards of ordinary care cannot be fixed with any degree of certainty but must be left in large measure to the trier of the facts. The jury is not only the judge of the facts and circumstances proven, but may also draw reasonable inferences and deductions from the evidence adduced before it." (485 S.W.2d at 604)

All points are overruled.

The judgment of the trial court is affirmed.