Mrs. C. W. (Virginia) WINDHAM, Appellant,

v.

WESTINGHOUSE CREDIT CORPORATION et al., Appellees.

No. 808.

Court of Civil Appeals of Texas, Tyler.

March 27, 1975.

Fairchild, Hunt & Price, Robert L. Fairchild, Center, for appellant.

Kenley, Boyland, Hawthorn, Starr & Coghlan, Larry W. Starr, Longview, for appellees.

McKAY, Justice.

This is a personal injury action brought by appellant, Mrs. C. W. (Virginia) Windham, against Jack Conway Pyle, Jr., and Westinghouse Credit Corporation as a result of an automobile collision. Based upon a jury verdict a take-nothing judgment was rendered by the trial court against appellant.

The collision occurred when appellant's vehicle was struck from the rear by a vehicle operated by Pyle, who was in the course and scope of his employment for Westinghouse. The collision occurred in the City of Center on Highway 96, which is a four lane through highway running generally in a north-south direction. Both the vehicle appellant was driving and Pyle's vehicle were traveling south immediately before the collision.

Special issues were submitted to the jury, and the jury failed to find either Pyle or appellant guilty of any negligent act or omission which proximately caused the collision.

We affirm the judgment of the trial court.

In her first eight points appellant contends that the trial court erred in denying her motion for new trial because the negative jury findings to the issues of negligence were against the overwhelming weight and preponderance of the evidence.

Appellant alleged that appellee Pyle was negligent in failing to (a) keep a proper lookout; (b) operate his vehicle at a rate of speed that was reasonable under the circumstances and conditions existing at the time of the collision; (c) make proper application of his brakes; (d) steer his vehicle to the left; (e) steer his vehicle to the right; (f) sound his horn immediately before the collision; (g) maintain an assured cleared distance between his vehicle and appellant's vehicle. Appellant also alleged that (h) Pyle was negligent in operating a vehicle with known defective brakes.

The trial court submitted issues on each of the above allegations and the jury found Pyle was not negligent on each one.

When the contention is made that the jury findings are against the great weight or overwhelming weight and preponderance of the evidence, we must examine all the evidence and reverse and remand for a new trial only if we conclude that the find-

ings are so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951); Hammond v. Stricklen, 498 S.W.2d 356 (Tex.Civ.App.—Tyler, 1973, writ ref'd. n.r.e.).

Appellant's testimony was that she was traveling south on the outside lane on Highway 96 at an approximate speed of 10 miles per hour. She said the highway was damp because of a recent sprinkle of rain, and that as she approached the intersection of Highway 96 and Nacogdoches Street, she saw a white pickup run a stop sign on Nacogdoches Street and proceed across Highway 96 and that she stopped her car to avoid a collision with the pickup. She testified that the action of the driver of the pickup created an impending danger and emergency to her and her vehicle, and that the pickup would have hit her vehicle broadside if she had not stopped and permitted it to cross 8 or 10 feet in front of her vehicle. She said she did not stop suddenly because she had seen the pickup before the time it ran the stop sign to her left and believed it would not stop. She further testified that she had been and was traveling completely within the outside southbound lane, and that when she stopped she was still within that lane. She said that after she stopped, her vehicle was hit from behind by Pyle's vehicle within not more than two seconds, and that after she stopped she did not have time to look in the rear view mirror or move her vehicle. She said there was no reason for her to stop at the intersection except for the crossing of the pickup.

Pyle testified that the collision occurred on a rainy day upon a wet street, and that both vehicles were traveling south on a four lane street approaching an intersection which required no stop or yield. He said immediately before the collision a white pickup proceeded across the intersection directly in front of appellant and that he was driving on the inside lane about 3½ car lengths or about 120 feet behind appel-

lant, and that he was "gradually catching up." He testified he had been traveling about 20 mph, but just before the collision he was going only 7 to 10 miles per hour. He said appellant had been traveling in the outside lane and had signaled for a right turn about 200 feet prior to reaching the intersection. He further testified that immediately before appellant stopped she moved her vehicle over into his inside lane about two feet and she did not travel more than 10 feet before stopping. Pyle said he saw no brake light on appellant's car, and that he applied his brakes when he saw her stop, and that his car slid "on a straight path" on wet pavement. He said it was from one to one and one-half seconds from the time appellant stopped her car until the impact. Pyle further said that he had previously noticed that the brakes on his vehicle had shown "a slight pull to the right," but there was nothing mechanically wrong with the brakes except ordinary wear, and that there was no malfunction of his brakes at the time of the collision because his car proceeded "on a straight line" when he attempted to stop.

The right front of Pyle's vehicle struck the left rear of appellant's car. The parties moved the vehicles before reporting the accident to the police. There were no other witnesses except the two drivers. About one week before the collision Pyle reported to his superior his vehicle pulled slightly to the right upon application of the brakes.

Appellant maintains that the jury findings cannot be reconciled in light of the facts. She contends that there is no way the jury could find that appellee Pyle was not operating a car with defective brakes, and then find that he maintained an assured clear distance between his vehicle and the vehicle operated by appellant. Furthermore, appellant contends that there is no way the jury could find that appellee Pyle did not fail to make proper application of his brakes or that he did not drive at a greater rate of speed than was reasonable under the conditions then existing.

Appellant argues that if appellee Pyle was not operating the car with defective brakes, how could he have failed to stop within 120 feet, traveling at 7 miles per hour, if he made proper application of the brakes? Moreover, appellant argues that if those findings can be reconciled, then either appellee Pyle was following so closely behind appellant's vehicle that he was not maintaining an assured clear distance or he was driving at a rate of speed that was not reasonable under the conditions then existing.

Appellees counter by citing many cases involving similar fact patterns to the case at bar in which Courts of Civil Appeals have held that negative jury findings to special issues, which submit allegations of negligence, are not so against the great weight and preponderance of the evidence as to be manifestly unjust. See Rampy v. Allstate Insurance Company, 492 S.W.2d 85 (Tex.Civ.App.—Austin, 1973, writ ref'd, n.r.e.); Gaitan v. Reyes Salvatierra, 485 S.W.2d 602 (Tex.Civ.App.—San Antonio, 1972, no writ); Williams v. Berry, 389 S.W.2d 89 (Tex.Civ.App.—Dallas, 1965, writ ref'd, n.r.e.); Riley v. Crossley, 383 S.W.2d 427 (Tex.Civ.App.—Houston, 1964, no writ).

The jury is the finder of the facts and circumstances proved and may draw reasonable inferences and deductions from the evidence. The jury's findings may not be disregarded if the record reveals any evidence of probative value, that, taken together with proper inferences, reasonably supports the findings. Rampy v. Allstate Ins. Co., supra; Gaitan v. Reyes Salvatierra, supra.

Applying the factual sufficiency test and after examining all of the evidence we do not believe that the negative jury findings to the Special Issue 1 (a–h), which submits alleged negligent acts on the part of appellee Pyle, are so against the great weight and preponderance of the evidence as to be clearly wrong or manifestly unjust. After considering the evidence,

the jury could have reasonably believed that the collision was the result of an "unavoidable accident," "sudden emergency" or, at least, that appellee Pyle was not guilty of any negligent acts. See Yarborough v. Berner, 467 S.W.2d 188, 190–191 (Tex. 1971). Appellant's first eight points are overruled.

In points nine and ten appellant maintains that the trial court erred by submitting instructions and definitions to the jury in regard to "sudden emergency" and "unavoidable accident" because there was no evidence of probative force that would authorize such submission. In her eleventh point, appellant maintains that the trial court erred by instructing the jury as to both "sole proximate cause" and "unavoidable accident."

Appellees contend that appellant's points nine through eleven should be overruled because her motion for new trial does not establish a proper predicate for consideration of the points. We agree.

Each of appellant's points nine through eleven are said to be germane to Paragraph 1 of appellant's motion for new trial which states:

> "The court erred in failing to sustain plaintiff's objections and exceptions to the court's Charge, as contained in Plaintiff's Objections and Exceptions to the Court's Charge."

Appellant's motion for new trial is the sole basis for appeal, and it makes no other references to the court's charge.

Paragraph 1 of the motion for new trial is too general to predicate appellant's points nine through eleven. An assignment of error in a motion for new trial which merely directs the trial judge to scan all of a party's objections to the charge of the court is legally insufficient to justify consideration of a point of error based on the assignment. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 891 (1960); Rule 374, Texas Rules of Civil

Procedure. Assignments of error in a motion for new trial which do no more than adopt from or refer in general terms to other motions, etc., do not clearly identify a ground of error. J. Weingarten, Inc. v. Moore, 449 S.W.2d 452, 453 (Tex.1970); Wagner v. Foster, supra; Texas and New Orleans Railroad Co. v. Barnhouse, 293 S. W.2d 261, 265 (Tex.Civ.App.—San Antonio, 1956, writ ref'd, n.r.e.); Texas Life Ins. Co. v. Jordan, 253 S.W.2d 906, 908 (Tex.Civ.App.—Ft. Worth, 1952, writ ref'd). Appellant's points nine through eleven are overruled.

The judgment of the trial court is affirmed.