**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**AMERICAN STATESMAN, Appellee.**

No. 12407.

Court of Civil Appeals of Texas, Austin.

June 9, 1976.

Rehearing Denied July 7, 1976.

Bond Davis, Marshall B. Miller, Jr., Gresham, Davis, Gregory, Worthy & Moore, San Antonio, for appellant.

Barry Bishop, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

SHANNON, Justice.

Appellee, American Statesman, filed suit in the district court of Travis County against appellant, Missouri Pacific Railroad Company, for damages. After trial to a

jury, judgment was entered for appellee for $12,000.00. We will affirm that judgment.

In its trial pleading, appellee alleged that on July 12, 1972, appellant permitted one of its boxcars to collide with appellee's overhead scaffolding frame. The frame was attached to appellee's building and was placed by appellee above appellant's tracks, allegedly with appellant's "prior knowledge and permission," for the purpose of conveying press units away from appellee's building to a new location. As a result of the collision, appellee claimed damages in the sum of $20,000.00 to its scaffolding and building.

Appellee pleaded that prior to its construction of the scaffolding, the plans and specifications were reviewed by appellant's agents who recommended that the scaffolding be placed at a height of twenty-two feet from the center of the tracks to the top of any boxcar which might be moved along the tracks adjacent to appellee's building. Because it was not possible for appellee to place the scaffolding at the recommended height of twenty-two feet without major changes being made to its building, appellee sought approval from appellant to permit the construction of the scaffolding with a clearance of sixteen feet, four inches above the tracks. Appellee pleaded that L. E. Murphy, freight agent for appellant, verbally granted permission for construction at sixteen feet, four inches.

Appellee alleged that appellant and its agents were negligent in several respects. Among other things, appellee pleaded that appellant was negligent:

(a) In advising appellee that if the scaffolding were built sixteen feet four inches, that it would clear any of appellant's boxcars which would be used on the tracks adjacent to appellee's building.

(b) In moving a boxcar with a height of sixteen feet, ten and seven-eighth inches under the scaffolding with prior knowledge that the scaffolding was only sixteen feet, four inches in height.

(c) In failing to obey a specific order of appellee's agent not to move the said car at the time of the collision.

By trial amendment, appellee also declared that appellant waived any right to rely upon the violation of Tex.Rev.Civ.Stat. Ann. art. 6559a. That statute requires that all structures built over the tracks of a railroad be placed so as to permit twenty-two feet of clearance.

Appellant pleaded, among other things, that the collision was occasioned by the negligence of appellee (a) in constructing the scaffolding at a height less than twenty-two feet in violation of Art. 6559a, (b) in constructing the scaffolding at an "insufficient height" to permit appellant's boxcars to pass safely, and (c) in advising appellant's switching crew that the scaffolding was high enough to permit the boxcar to be moved under the scaffolding.

The court's charge contained thirteen special issues. In response to those issues the jury answered that appellant or its agent assured appellee that if the scaffolding were built with a clearance of sixteen feet, four inches, it would accommodate any boxcar which appellant would move under the scaffolding. The jury answered additionally that the giving of such assurance by appellant was negligence and that such negligence was a proximate cause of the collision. The jury answered further, in this connection, that appellee relied upon appellant's assurance in constructing its scaffolding. The jury responded as well that appellant's moving the boxcar into the scaffolding was negligence and that such negligence was a proximate cause of the collision.

With respect to the special issues inquiring of appellee's contributory negligence, the jury answered that appellee's failure to construct the scaffolding with a clearance of twenty-two feet was negligence, but the jury failed to find that the failure to so construct the scaffolding was a proximate cause of the collision.

Finally, the jury answered that appellant waived its right to require appellee to con-

struct the scaffolding with a clearance of twenty-two feet.

Appellant attacks the judgment by seven points of error. The first three points concern the refusal of the district court to submit a cluster of negligence issues, the first of those issues being whether ". . before July 12, 1972, plaintiff's agent or employee advised one or more of the members of defendant's switching crew that the tram [scaffolding] in question built over defendant's railroad track was built high enough to permit defendant's railroad cars to move through and under said structure . . ." The remaining part of the cluster of requested issues consisted of the negligence and proximate cause issues.

In reply, appellee maintains that there was no evidence in support of the submission of requested issues, and even though there might have been some evidence to support the submission of the issues, the requested issues were not material and not controlling. Appellee called Jack J. Harbour. Harbour was the "boss of the switching crew" in the area of tracks near appellee's building. In this respect Harbour testified that he had seen the scaffolding work in progress. He was told by persons in the railroad company that there was clearance under the scaffolding for the movement of boxcars. Harbour had switched a number of boxcars under the scaffolding during a period of two or three weeks before the time of the collision.

In response to a question concerning the identity of the person in the railroad organization who had furnished him the information about clearance, Harbour replied:

"No, the first one that told me that it would clear is the fact that when we went under there the first time with a car, the ones that was working on the dock, I complained about it and asked them if they had permission to put it up there, and they said that they did and I said, 'Well, I will have to talk to somebody else about it,' and I did; I talked to Mr. Murphy [freight agent for appellant] about it and he was the one that told me that it would clear. He said the engineer

said it was all right so that's all I had to go by."

Portions of Harbour's oral deposition were read into evidence. Included in Harbour's deposition testimony introduced into evidence was the following:

"Q  Did anyone connected with the Statesman ever tell you prior to this accident on July 12 that this structure was high enough to clear cars?

"A  Yes. The boy that unloaded out there, they said it would clear and it was okay."

■ We do not pass on whether or not there was some evidence so as to require the submission of the requested issues since we are in agreement with appellee that answers to those issues would not be material and controlling. It would be surprising for appellant railroad company to rely upon any advice offered by appellee with respect to clearance requirements for its own boxcars, and we find nothing in the record which suggests that appellant did rely upon any such advice. The course of conduct between appellee and appellant demonstrated that the parties recognized that appellant had control over the clearance of its tracks, and would have to be consulted to approve the construction of the scaffolding. Appellee had no duty or responsibility to furnish any advice to appellant concerning the matter of clearance, and any such advice could not, as a matter of law under this record, be a proximate cause of the collision.

Appellant's next three points of error also concern the refusal of the district court to submit another cluster of negligence issues. The first of the series of requested issues provided as follows: "Do you find from a preponderance of the evidence that before July 12, 1972, plaintiff or its agent constructed a steel scaffolding or tram over defendant's railroad track at an insufficient height to permit defendant's cars to pass under it safely?" The second and third requested issues in this cluster inquired as to negligence and proximate cause.

■ As written previously, the court submitted a cluster of issues inquiring, in the

terms of Art. 6559a, whether or not appellee's failure to construct the scaffolding with a clearance of twenty-two feet was negligence. That submission, we believe, was a submission as to the "insufficiency of the height" of the scaffolding. The district court properly refused appellant's requested issues inasmuch as the submission of both the common law and the statutory issues would result in an over-emphasis of the same issue. *Rampy v. Allstate Insurance Company*, 492 S.W.2d 85 (Tex.Civ.App.1973, writ ref'd n. r. e.).

Appellant's seventh and final point is that the district court erred in overruling appellant's motion for judgment which urged that appellee's violation of Art. 6559a established proximate cause as a matter of law.

■ Appellee urges that appellant has not preserved this contention on appeal. Appellee says that appellant's appeal is based on its amended motion for new trial. In the amended motion for new trial appellant did not assign, as error, the jury's refusal to answer that appellee's failure to construct the scaffolding at a height of twenty-two feet was a proximate cause of the collision. Even more significantly, says appellee, the only possible assertion of that contention in the amended motion for new trial was the ground that, "The Court erred in failing and refusing to grant Defendant's Motion for Judgment." Appellee then states, correctly, that under Tex.R.Civ.P. 374, an error cannot be preserved by a motion for new trial reference to a previous motion. *J. Weingarten, Inc. v. Moore*, 449 S.W.2d 452 (Tex.1970).

■ Appellee is mistaken in assuming that appellant's appellate points are limited, in this case, to those asserted in the amended motion for new trial. Appellant's seventh point of error is based upon the district court's alleged error in overruling its "Motion for Judgment." The alleged error of the trial court in overruling appellant's motion for judgment on the verdict of the jury is not required to be preserved by specifying such error in an assignment in a motion for new trial. Tex.R.Civ.P. 324,

State Bar of Texas *Appellate Procedure in Texas*, § 8.4[3]. *Miller v. Miller*, 274 S.W.2d 762 (Tex.Civ.App.1954, writ ref'd).

■ With respect to the merits of appellant's point of error, we observe that ordinarily the matter of proximate cause is a question for the jury to determine from all the facts and circumstances proved. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951).

In the charge the district court defined proximate cause in the usual language:

"The term 'proximate cause' means a cause which, in a natural and continuous sequence produces an event, and without which such event would not have occurred. To be a proximate cause of an event, the cause must be such that a reasonably prudent person, in the exercise of ordinary care, should have reasonably foreseen or anticipated that such event or similar event would follow such cause as a natural and probable consequence in the light of the attending circumstances. There may be more than one proximate cause of an event."

■ The foreseeability element of proximate cause is established by proof that the actor as a person of ordinary intelligence and prudence should have anticipated the danger to others created by his negligent act. The rule does not require that the actor anticipate precisely how the injuries would arise from the dangerous situation. *Clark v. Waggoner*, 452 S.W.2d 437 (Tex. 1970).

■ Appellee's agent met with the appellant's agent to discuss the height specifications of the scaffolding. Appellant's agent told appellee's manager that any railroad car which came down the track would clear the scaffolding placed at sixteen feet, four inches. Under those circumstances, it was a question of fact whether appellee should have reasonably foreseen a collision with the scaffolding placed at that height.

■ By cross-point appellee claims that the court erred in overruling its motion for judgment *non obstante veredicto* as to the amount of the damages. The jury answer-

ed that $12,000.00 would fairly and reasonably compensate appellee for the reasonable and necessary cost of repairing the damage resulting to its property from the collision. In its motion for judgment *non obstante veredicto* appellee took the position, in part, that the "undisputed evidence stipulated and agreed to by [appellant], as reasonable and necessary shows that the damages . . . were $19,835.45."

During the course of the trial the parties entered into a stipulation that ". . . those witnesses available, who, if called to testify herein, would testify that the architect fees and costs of repair were reasonable and necessary in Austin, Travis County, Texas, in the amounts stated in their bills submitted for services rendered."

Appellee's agent testified concerning the costs of repairing the damage done appellee's property as a result of the collision. He identified certain invoices from the construction company and other concerns involved in the repair work, and those invoices were received in evidence without objection. Appellee's agent testified further that he considered the construction cost "reasonable." Though appellant has not preserved the point, we observe that there was no specific proof by way of stipulation or testimony that the repairs were necessary to place appellee in substantially the same condition as before the collision.

Appellee's proof of damages must rest, at least in part, upon the testimony of its agent, an interested witness. For that reason, if for nothing more, we are unable to render judgment, as a matter of law, that appellee was damaged in the sum of $19,-835.45. See *Pacific Coast Engineering Co. v. Trinity Construction Co.*, 467 S.W.2d 635 (Tex.Civ.App.1971), affirmed in part and reversed in part on other grounds, 481 S.W.2d 406 (Tex.1972).

The judgment is affirmed.

Affirmed.