Jean GONZALES, Appellant,

v.

Jackie Monroe WHITSITT et al., Appellees.

No. 6818.

Court of Civil Appeals of Texas, El Paso.

June 6, 1979.

Burnett & Ahders Associated, Warren Burnett, W. Ruff Ahders, Richard J. Clarkson, Norma Venso, Odessa, for appellant.

Rassman, Gunter & Boldrick, James P. Boldrick, Leslie G. McLaughlin, Midland, Shafer, Gilliland, Davis, Bunton & McCollum, Inc., Stephen L. Brannon, Odessa, for appellees.

## OPINION

WARD, Justice.

The Plaintiff, Jean Gonzales, appeals from a take nothing judgment entered in her suit for injuries sustained when her stalled automobile was rear-ended. The jury failed to find negligence on the part of either of the drivers involved, and the Plaintiff appeals on two points—that the Defendant driver failed to keep a proper lookout as a matter of law as well as in fact. We affirm.

The testimony concerning the accident is somewhat meager. The accident occurred on October 9, 1975 at about 11:00 o'clock a. m. on a clear day. All parties were driving north on Garfield Street in the City of Midland. The street is two-way with two lanes of traffic in each direction. In the intersection where Garfield meets Golf Course Road, there were four inches of standing water. The Plaintiff was on her way to make a termite inspection for her employer, Orkin Exterminating Company. Her supervisor was following her in a separate car. After going through the intersection at Golf Course Road, the Plaintiff's car stalled and came to a stop somewhere north and past the intersection. The supervisor stopped his car about fifteen feet or a car length behind the Plaintiff's car. The supervisor testified that as soon as he stopped and while he still had his foot on the brake, the Defendant driver ran into the back of the supervisor's car and knocked it into the rear of the Plaintiff's vehicle. He stated that before he stopped he put his flashers on; that the accident caused about $800.00 damages to his vehicle, but less than $100.00 to the car that the Plaintiff was driving.

The Defendant driver, Jackie Monroe Whitsitt, was employed as a plumber by the Defendant C. A. Gray Plumbing, Heating & Air Conditioning, Inc., and testified that he was driving a company truck which was in good mechanical order. He stated that at each intersection for two or three blocks before Golf Course Road water was standing in each intersection, and he didn't think he was going very fast and was not paying any particular attention to the vehicles in front of him; that while going into and through the intersection at Golf Course Road he was watching the traffic control light which was green and the water which was in the street. He looked up and the vehicles were in front of him. He applied his brakes and they didn't hold as they were wet; one side grabbed more than the other and his truck turned to the right, and he struck the Orkin supervisor's car in the rear with his left fender. The supervisor's car in turn struck the Plaintiff's vehicle.

The Defendant Whitsitt's helper who was riding with him stated they were driving about 20 miles an hour through the water, but he couldn't tell for sure; he saw the stopped vehicle and yelled. He thought they had plenty of time to stop, but the brakes grabbed and threw their truck to the right and they struck the stopped vehicle. He denied that the flashers on the supervisor's car were turned on at the time of the accident.

The Plaintiff testified that when her car stalled, she made a hand signal to her supervisor and came to a stop, and had been stopped for several minutes before the accident.

In response to the special issues, the jury absolved the Defendant Whitsitt of negli-

gence in failing to keep a proper lookout, in traveling at excessive speed, in failing to apply his brakes, and in failing to turn to the right. Concerning the Plaintiff, the jury assessed the amount of damages for her personal injuries and loss of earnings at $10,000.00. The Plaintiff filed Motion for Judgment Non Obstante Veredicto, and the Motion was overruled. That action of the trial Court is the subject of the Plaintiff's first point, the complaint being that the evidence established as a matter of law that the Defendant Whitsitt failed to keep a proper lookout.

Under the point, the Plaintiff's main argument is that Whitsitt as a party Defendant testified both Defendants into judgment by his admissions concerning lookout. The Plaintiff refers to Whitsitt's statements that though the water in the street was one factor causing the accident, he was nearly all to blame; that he did not remember seeing the car before he hit it; and if he had seen the car, he could have gone around it. Testimony continued:

Q Well, the truth of the matter is, you didn't see them in time to have the brakes have any effect, as far as the accident was concerned, isn't that right?

A I feel like I could have stopped, or just dad-gummed near stopped, if they hadn't have been wet. But, still, the bulk of it was my fault, because I didn't see them.

Q If you had seen them in time, you would have been able to stop, don't you think?

A I think I could have.

■ At this point we note that, regardless of whether or not any testimony of Whitsitt be given conclusive effect against him as a party, the Defendant C. A. Gray Plumbing, Heating & Air Conditioning, Inc. is not so bound. There is no showing that the statements were adopted in any way by that corporate Defendant. *Pacific Finance Corporation v. Rucker*, 392 S.W.2d 554 (Tex. Civ.App.—Houston 1965, no writ); see *Big Mack Trucking Company, Inc. v. Dickerson*, 497 S.W.2d 283 (Tex.1973).

■ As to the Defendant Whitsitt, we note that before the testimony or declaration of a party will be conclusive effect, it must appear among other things that the statement was deliberate, clear and unequivocal. *Dallas Railway & Terminal Company v. Gossett*, 156 Tex. 252, 294 S.W.2d 377 (1956). If the statement merely contradicts some or a portion of a party's testimony conclusive effect cannot be given thereto, but a fact issue is presented for the determination of the jury as in the case of an ordinary witness. *United States Fidelity & Guaranty Co. v. Carr*, 242 S.W.2d 224 (Tex.Civ.App.—San Antonio 1951, writ ref'd). While Whitsitt stated that if he had seen the stopped cars he could have stopped in time, there is the other testimony by that Defendant that he felt like he could have stopped or almost stopped if his brakes had not been wet; that he was watching the light and the water when he entered the intersection; and he applied his brakes but they never slowed him down. That portion of Whitsitt's testimony which the Plaintiff claims is a binding admission on lookout is not so clear and unequivocal that it can be given conclusive effect.

■ As to the Plaintiff's general argument under the first point that the evidence as a whole established as a matter of law the Defendant Whitsitt failed to keep a proper lookout, we disagree as we feel a fact issue was presented for the jury's determination on the question. Since the Plaintiff came to a stop some distance beyond the intersection, the jury was entitled to believe that Whitsitt's attention was naturally diverted by the water in the intersection, and that when he did see the stopped vehicles he could have stopped in time but for the unexpected failure of his brakes. Here the lead vehicle stopped somewhere north of the intersection under circumstances that the Defendant driver could not be charged as a matter of law with having foreseen. The fact situation is distinguishable from the rule applicable where a driver is required to stop and fails to do so. It does not compel a finding of negligence against the rear driver. The case is similar

to *Moreno v. Gates,* 449 S.W.2d 366 (Tex. Civ.App.—San Antonio 1969, writ ref'd n. r. e.). See also *Rampy v. Allstate Insurance Company,* 492 S.W.2d 85 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.); *Gaitan v. Reyes Salvatierra,* 485 S.W.2d 602 (Tex.Civ. App.—San Antonio 1972, no writ); *Salazar v. Hill,* 551 S.W.2d 518 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.). Having considered the evidence in the light most favorable in support of the jury finding, and having considered only the evidence and inferences which support the finding and rejecting the evidence and inferences contrary to the finding, we overrule the Plaintiff's first point.

Plaintiff's second point is that the primary finding on failure to keep a lookout was against the great weight and preponderance of the evidence, and was manifestly wrong and unjust. We have considered the whole record, and we conclude that the jury finding attacked by the Plaintiff merely indicates that the Plaintiff has failed to carry her burden of proving the alleged act of negligence. Considering all of the evidence, we hold that the finding complained of is not so against the great weight and preponderance of the evidence as to be manifestly wrong. The second point is overruled.

The judgment of the trial Court is affirmed.